## ALICE S. ROBERTSEN
### vs.
## McKESSON & ROBBINS, ET AL.,
### (Compensation Appeal)

Superior Court      Fairfield County      File #51793

Present: Hon. NEWELL JENNINGS, Judge.

Shapiro, Goldstein & Brody,     Attorneys for the Plaintiff.

D. L. O'Neill,                 Attorney for the Defendants.

## MEMORANDUM FILED APRIL 20, 1937.

JENNINGS, J. Thomas R. M. Robertson was a carpenter by trade. He had a wife and several children. He was killed while driving a truck for McKesson & Robbins. The death arose out of and in the course of his employment. During the period from February 26 to July 8, 1936, he was employed by the W.P.A. as a carpenter and received $23. each week for his work. He was also on the "call" or "daily" list of spare drivers for McKesson & Robbins and during that period worked for them at least part of one day in each week. They knew of his work for the W.P.A. and tried to call him on days when he was not so employed. If he was working for the W.P.A. when called, someone else was called. On July 8, 1936 he was put on as a regular driver at $45. per week and

was discharged by the W.P.A. He had worked as such less than two weeks when he was killed. On these facts the Commissioner has found that he was employed by McKesson & Robbins for a period of less than two weeks and that his compensation is determined by the prevailing wage. The appellant attacks this finding in various ways, claiming that his average wage since the week ending March 3, 1936 should determine the amount of compensation. As stated in his reasons of appeal this amounts to $11.61.

Our cases of **Mazzi vs. Smedley Co., 95 Conn. 607**, and **Baba vs. Eastern Malleable Iron Co., 98 Conn. 815**, establish the following two propositions based on **General Statutes §5238.**

(1) In order to base compensation on the average weekly wage, the employee must have done two full weeks of work out of a total of twenty-six possible weeks preceding the injury.

(2) Where each day's work is an independent contract of employment, the situation is the same as though the plaintiff worked for the defendant for the first time on the day of his injury.

See also **Powers vs. McFarland & Stemple, 8 Conn. Compensation Digest 60-1.**

Since the deceased admittedly did more than two full weeks of work during the twenty-six weeks preceding the accident, the finding, to be sustained, must come under the second proposition cited. There was evidence to sustain this finding. In addition to the undisputed facts recited, a representative of McKesson & Robbins testified as follows on cross examination:

"Q. If this period commenced the week ending March 3, 1936, and ending with the week ending July 7, 1936, Mr. Robertson was not on your payroll as a permanent employee during that time? No, he was not.

Q. He was placed on your payroll as a permanent employee during the week of July 14th? A. During the week ending July 14th.

Q. Prior to that time he was what you call on the daily payroll? A. That is right.

Q. You mean by that he would receive a day's employ-

ment when, as and if it was available for him by McKesson & Robbins? A. That is correct.

Q. He was an extra man during these weeks commencing March 3rd and ending July 7th? A. Yes, sir, that is correct."

The appellants cite **Mazzotta vs. Mazzotta, 121 Conn. 149,** in support of their claims. That case decides nothing more than that the commissioner was justified, under the peculiar circumstances there described, in finding as a question of fact that there was no such definite break in the employment as would exclude the earlier occasional work from the computation. On page 152 is the following significant sentence: "It does not appear that he worked for anyone else during the period in question or that the employer hired anyone else to take his place." Both of these conditions existed in the case at bar. The fair inference is that, prior to July 8, the deceased was a probationer being tried out for efficiency as opportunity offered and that each job was a separate contract of employment. He was in no sense under the "single contract" described in the Baba case.

Appeal dismissed.