[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE THIRD COUNT
This is an action for personal injuries arising from a motor vehicle accident. The first and second counts are directed to the defendant Thomas Naugi, alleging negligence and recklessness respectively.
The third count against defendant Yellow Cab Company incorporates the first count and further alleges that "[t]he defendant, Yellow Cab Company, was also negligent in its own right in that it entrusted its vehicle to the defendant, Thomas Naugi, when it knew or should have known that it was not reasonably safe to do so."
Defendant moves to strike the third count "because as a matter of law, the plaintiff's allegations of negligence cannot be the proximate cause of his injuries."
The function of a motion to strike is "to test the legal sufficiency of a pleading." Alarm Application Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). The motion to strike "admits all facts well pleaded." Mingachos v. CBS, Inc., CT Page 5849196 Conn. 91, 108 (1985). "The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138, 140 (1980).
Defendant Yellow Cab Company argues in its supporting memorandum that (1) "the plaintiff fails to even assert within his Third Count that the alleged negligent entrustment was proximate cause of the alleged accident", and (2) even if plaintiff had alleged proximate causation, "the entrustment of a motor vehicle to another cannot, as a matter of law, be the proximate cause of injuries sustained thereafter in a motor vehicle accident. "
In Hughes v. Titterton, 2 CSCR 845 (July 13, 1987, Wagner, J.), plaintiff brought a cause of action against a father for negligently entrusting an automobile to his son. This court adopted the definition of negligent entrustment as set forth in Greeley v. Cunningham, 116 Conn. 516 (1933).
 `When the evidence proves that the owner of an automobile knows or ought reasonably to know that one whom he entrusts it is so incompetent to operate upon the highways that the former ought reasonably to anticipate the likelihood of injury to others by reason of that incompetence, and such incompetence does result in such injury, a basis of recovery by the person injured is established.'
Hughes, 2 CSCR at 845. "The Supreme Court in Greeley additionally noted `[t]hat recovery rests primarily upon the negligence of the owner in entrusting the automobile to the incompetent driver.'" Id., quoting Greeley, 116 Conn. at 520.
In McKee v. Robinson, 5 CSCR 49 (November 30, 1989, Austin, J.), plaintiff brought a negligent entrustment cause of action and defendants moved to strike on the ground of legal insufficiency. The court in denying the motion to strike stated that
 [u]nder the theory of negligent entrustment one who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth inexperience or otherwise to use it in a manner involving unreasonable risk of physical harm to himself CT Page 5850 and others whom the supplier should expect to share in or be endangered by its use is subject to liability for physical harm resulting to them.
In our opinion, the plaintiff in this case is not required to allege that defendant Yellow Cab Company's negligent entrustment was the proximate cause of plaintiff's injury.
Defendant's motion to strike count three is denied.
Wagner, J.