[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On June 7, 1990 this court granted the defendant. Baker's motion to reargue, heard both parties' reargument, and agreed to reconsider the defendant's motion to strike, which the court had denied on October 24, 1989.
The issue before the court is whether the defendant Baker's motion to strike should be granted on the ground that the subject contract is unenforceable pursuant to Conn. General Statutes See. 47-33a.
The statute recently has been interpreted by the Connecticut Supreme Court in Texaco Refining Marketing v. Samowitz, 213 Conn. 676 (1990). This interpretation of the statute in that case requires the court to deny the defendant's motion to strike.
The plaintiffs, Richard L. Evans and Doris P. Evans, allege in their one count complaint dated July 11, 1988 that on July 17, 1976 they entered into a written agreement and bond for deed with four of the named defendants (not parties to the motion to strike) who were the owners of real property in West Suffield, Connecticut. Under the terms of the agreement, the defendant owners gave to the plaintiffs a right of first refusal to purchase the real property upon the receipt by the owners of a bona fide offer by a third party. The agreement further provided that the plaintiffs were to receive written notice of any such offer and have thirty days in which to match the terms of the offer plus an additional thirty days in which to purchase the property. It is alleged that the defendant CT Page 632 owners violated this agreement by conveying the subject: real property to the defendant Robert Baker, Inc. on December 12, 1983, without first giving notice of the defendant Baker's offer to the plaintiffs. The plaintiffs seek specific performance of the agreement or, in the alternative, money damages from the defendant owners.
The defendant Robert Baker, Inc. filed a motion to strike dated July 10, 1989 seeking to strike all claims in the plaintiffs' complaint asserted against the defendant Baker. The defendant argues that the plaintiffs' complaint: is legally insufficient: because the underlying first refusal option agreement and bond for deed were not enforceable at the time of the conveyance to the defendant Baker by operation of Conn. General Statutes Sec. 47-33a. A memorandum of law in support of the defendant's motion was filed the same day.
On July 26, 1989 the plaintiffs filed a memorandum in opposition to the motion to strike arguing that Conn. General Statutes Sec. 47-33a does not apply to the agreement between the owner defendants and the plaintiffs.
The defendant Baker filed a supplemental memorandum of law dated October 17, 1989 in which the defendant: stated additional arguments for finding that Conn. General Statutes Sec. 47-33a does apply to the subject agreement.
A motion to strike is the proper vehicle for challenging the legal sufficiency of a complaint. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). It also may be used to challenge the legal sufficiency of a prayer for relief. Conn. Practice book Sec. 152 (rev'd to 1978, as updated October 1, 1989).
When ruling on a motion to strike, the trial court is limited to considering the grounds raised in the motion. Meredith v. Police Commission, 182 Conn. 138, 140
(1980). The court, when ruling on a motion to strike addressed to a complaint, is limited to the facts alleged in the complaint, which must be construed in the light most: favorable to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The motion to strike admits all facts well-pleaded. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 544 (1980).
Conn. General Statutes Sec. 47-33a provides:
 Sec. 47-33a. Action on agreement to sell real estate. (a) No interest in CT Page 633 real property existing under an executory agreement for the sale of real property or for the sale of an interest in real property or under an option to purchase real property shall survive longer than one year after the date provided in the agreement for the performance of it or, if the date is not so provided, longer than eighteen months after the date on which the agreement was executed, unless the interest is extended as provided herein or unless action is commenced within the period to enforce the agreement and notice of lis pendens is filed as directed by section 52-325.
 (b) The interest may be extended only by reexecution of the written agreement or by execution of a new written agreement, provided the agreement, whether reexecuted or newly executed, shall be recorded as directed by sections 47-10 and 47-17. The period provided by this section shall not otherwise be extended, whether because of death, disability or absence from the state or for any other reason. Upon the expiration of an interest the title to property affected by the interest shall not thereafter be considered unmarketable because of the expired interest.
 (c) Nothing in this section shall be construed to limit or deny any legal or equitable rights a party may have under the agreement except the right to have the agreement specifically enforced.
The basis of the court's October 24, 1989 denial of the defendant's motion to strike was that "the right of first refusal agreement is not an `option to purchase real property' under section 47-33a." (Memorandum of Decision, p. 2). The defendant argues that in reaching this decision, the court appears not to have considered the defendant's supplemental memorandum of law in support of its CT Page 634 motion to strike. In this supplemental memorandum, the defendant argues that Conn. General Statutes Sec. 47-33a
applies not just to options to purchase real property, but also to executory agreements for the sale of an interest in real property, which the defendant maintains in the nature of the subject first refuel agreement.
The Supreme Court's recent ruling in Texaco Refining Marketing, Inc. v. Samowitz, interprets Conn. General Statutes Sec. 42-33a very narrowly and in such a way as to render the defendant's argument unpersuasive. Texaco Refining Marketing, Inc., 213 Conn. 676.
The Texaco case involved an action for specific performance of an option agreement contained in a long-term commercial lease. The defendant in that case argued that Conn. General Statutes Sec. 47-33a caused the option to expire eighteen months after the lease was executed, since the lease contained no date for the exercise of the option.
The Supreme Court interpreted Conn. General Statute Sec. 47-33a(a) to apply "narrowly as a constraint only upon the performance of the option once the lessee has exercised its right to convert the option into a binding executory agreement of purchase." Texaco Refining Market, Inc., 213 Conn. at 682. In doing so, the court read Conn. General Statutes Sec. 47-33a(a) to apply not to the option agreements as distinct from executory agreements, but to apply to "an `interest in real property existing under an executory agreement . . . under an option to purchase.'" Texaco Refining Marketing, Inc., 213 Conn. at 681-82.
In reaching this narrow interpretation of Conn. General Statutes Sec. 47-33a, the court noted that there is no useful guidance from the legislative history as to the intent of the legislature in enacting this statute. Texaco Refining Marketing, Inc., 213 Conn. at 682. The court further noted that a very narrow interpretation was necessary in order to avoid imposing "draconian consequences" on option contracts. Texaco Refining Marketing, Inc.,213 Conn. at 682. "`The unreasonableness of the result obtained by the acceptance of one possible alternative interpretation of an act is a reason for rejecting that interpretation in favor of another which would provide a result that is . . . reasonable.'" Texaco Refining Marketing, Inc.,213 Conn. at 682-83, quoting Maciejewski v. West Hartford, 194 Conn. 139,151-52 (1984).
While the holding in the Texaco case is not exactly on point with the issue presented by the motion to CT Page 635 strike now before the court, since the ruling applies specifically to option agreements contained in leases and not to independent right of first refusal agreements, the reasoning behind the ruling gives significant guidance for applying the subject statute to this case.
The essence of the court's holding in Texaco is that Conn. General Statute Sec. 47-33a does not apply to an option agreement contained in a lease until that option ripens into a binding executory agreement; for purchase. See Texaco Refining Marketing, Inc., 213 Conn. at 682. If it were to hold otherwise, the court noted, a fundamental restructuring of options in long term leases would be necessary since "only options of extremely short duration or with specified dates of performance . . . would continue to be enforceable without periodic renewals dependent upon the continuing consent of the lessor." Texaco Refining Marketing, Inc., 213 Conn. at 682.
The defendant in the case at bar argues that the subject first refusal agreement is an executory agreement for the sale of an interest in real property and so is covered by Conn. General Statutes Sec. 47-33a. The court need not determine whether under the law a right of first: refusal does so qualify, since the facts as alleged in the plaintiffs' complaint reveal that any "executory agreement" existing between the plaintiffs and the defendant owners had not yet become a binding agreement to purchase. A right of first refusal does not constitute an offer to sell or create in the holder the power to compel a sale until the occurrence of three events: the owners' decision to sell the property, their receipt of an acceptable offer from a bona fide purchaser and notification to the holder of the third party's offer. See Smith v. Hevro Realty Corporation,199 Conn. at 336. An option does not become a binding contract for purchase until the optionee exercises his right of acceptance. Smith, 199 Conn. at 336.
Construing the facts alleged in the plaintiffs' complaint most favorably to the plaintiffs, no notice was given to the plaintiffs of the existence of the bona fide offer, and their right of acceptance was never exercised. Consequently, even if the agreement between the plaintiffs and owner defendants qualifies as an "executory agreement for the sale of an interest in real property," it had not ripened into a binding executory agreement for purchase and, therefore, is not governed by Conn. General Statutes Sec.47-33a.
In accordance with the reasoning advanced in CT Page 636 Texaco Refining Marketing, Inc. v. Samowitz, to hold otherwise would have "draconian consequences" on rights of first refusal. Like the options contained in leases discussed by the court in Texaco, rights of first refusal would become unenforceable unless of very short duration or unless periodically renewed by consent of the grantor.
For the foregoing reasons, the defendant's motion to strike is denied.
SCHALLER, J.