[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTION TO STRIKE COUNT TWO
ISSUE
Do the allegations in count two of the third party plaintiff's complaint sufficiently allege the elements of a products liability claim to survive the third party defendant's motion to strike?
FACTS
The plaintiff, Eleanor Onorato, filed suit July 21, 1988, against the Southeast Area Transit System (hereinafter referred to as "SEAT") and the Connecticut Department of Transportation to recover for injuries she received while boarding a public bus. According to her complaint, she "fell from the stairs in the entryway, which was an improperly maintained area in that said area did not have proper warnings or protective railings." She is suing for damages under a negligence theory.
SEAT impleaded General Motors Corp. (hereinafter referred to as "GM"), the manufacturer of the bus, on June 5, 1989, and filed a two-count third party complaint. In the first count, SEAT seeks indemnification from GM in case Onorato is awarded damages. In count two, SEAT is suing GM directly under products liability.
GM filed this motion to strike SEAT's entire complaint on August 7, 1990. GM later withdrew the motion as to the first count (indemnification). SEAT submitted a memorandum of law in opposition to the motion on October 1, 1990. A hearing at short calendar was held on November 5, 1990.
DISCUSSION
GM argues in support of its motion that SEAT has not sufficiently alleged that it was harmed or injured as is required to state a products liability cause of action. GM also sets forth other arguments that, it is found, go to the merits of SEAT's claim and are, therefore, not appropriately considered on a motion to strike.
SEAT argues that it has sufficiently alleged the elements of a products liability claim. CT Page 192
A party may contest in the motion to strike "(l) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . ." Connecticut Practice Book Section 152.
"A motion to strike . . . admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS,196 Conn. 91, 108 (1985). "If facts provable under the allegations would support a defense or a cause of action, the (motion to strike) must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). "A trial court in passing upon a motion to strike should not consider grounds other than those specified." Meredith v. Police Commission,182 Conn. 138, 141 (1980).
The allegations required to state a cause of action in a products liability suit are (1) a sale of the product, (2) the defendant sells such a product, (3) the product reached the plaintiff without substantial change, (4) the product was unreasonably dangerous, and (5) the product caused the plaintiff's injury. Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 403 (1987); Restatement (Second) Torts Sec. 402A.
In its amended third party complaint filed June 4, 1990, SEAT alleges:
 4a. The stairway area of the bus was in a defective and unreasonably dangerous condition in that it lacked adequate handrails and was without substantial change on the day of the accident from the way in which it was received by the third party plaintiff;
 b. It failed to warn the third party plaintiff and users of the bus of the danger posed by the defective and unreasonably dangerous stairway and railing area;
 c. The design of said area was inadequate for its intended use;
 d. The stairway and railing area of the bus lacked adequate handrails or other such devices to enable an entering passenger to maintain or retain his/her CT Page 193 balance.
 e. It knew, or should have known, of the inadequate design yet continued to manufacture and sell buses with such design.
SEAT has not alleged a necessary element of a products liability claim, to wit, that it was injured by GM's product. GM's motion to strike as to count two of plaintiff's third party complaint is granted for failure to state a cause of action.
Austin, J.