[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff alleges, in Count Two, of his complaint that he contracted to purchase, from the defendant, certain real property located in the City of New Haven. The parties entered into a contract which was contingent upon the plaintiff buyer's ability to procure a purchase money mortgage. Said contract required the return of the deposit of $21,000.00 to the buyer upon timely notice of his inability to procure said mortgage. Plaintiff further alleges that he was unable to procure said mortgage, gave timely notice of such and requested the return of his deposit, which request defendant has failed and refused to comply with and that said refusal constitutes a violation of the Connecticut Unfair Trade Practices Act, C.G.S. 42-110a et seq.
Defendant has moved to strike this count as having failed to state a cause of action under said statute.
A party may contest in the motion to strike "the legal sufficiency of the allegations of any complaint." Conn. Practice Bk. 152 (1978, rev'd to 1989). "[I] facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
Defendant argues in support of the motion to strike that CT Page 1997 plaintiff has failed to allege facts sufficient to state a cause of action under CUTPA because the purchase agreement allows the defendant seller to retain the deposit as liquidated damages in case the buyer plaintiff defaults. Defendant argues that such a liquidated damages clause does not offend public policy, is not immoral, unethical or unscrupulous, and does not injure consumers, and that plaintiff has not alleged that defendant behaved in such ways.
Plaintiff argues that he does not attempt to allege that the liquidated damages clause violates CUTPA, but instead alleges that defendant's failure and refusal to return the plaintiff's deposit money occurred in connection with a commercial transaction and in the course of trade or commerce and constitute a violation of CUTPA.
CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stats.42-110b(a). The following criteria help determine whether a practice is unfair:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at last the penumbra of some common law; statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
A.G. Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215
(1990) (citations omitted).
In support of its CUTPA claim, plaintiff alleges that he complied with the contract terms and is entitled to the refund of his deposit. He repeatedly demanded that defendant refund the money, which defendant refused to do. Plaintiff alleges that defendant has "wrongfully denied the plaintiff the use of his money, [which] has resulted in damage to the plaintiff." Plaintiff also alleges that defendant's "failures and refusals to return plaintiff's deposit money occurred in connection with a commercial transaction and in the course of trade or commerce and constitute a violation of [CUTPA]." CT Page 1998
"A trial court in passing upon a motion to strike should not consider grounds other than those specified." Meredith v. Police Commission, 182 Conn. 138, 141 (1980). Taking the plaintiff's allegations as true, that defendant has wrongfully withheld the deposit money after repeated demands by plaintiff that it be returned are sufficient to state a cause of action under CUTPA.
The motion to strike Count Two is denied.
McKEEVER, JUDGE