[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION TO STRIKE (#172)
On January 3, 1991, the plaintiffs Rocco and Susan Zuccarelli filed a second amended complaint against the defendants Robert Cohan and North American Holding Corporation (NAHC). In the fourth count of the second amended complaint, the plaintiffs assert a claim under the Racketeer Influence and Corrupt Organizations Statutes (RICO) 18 U.S.C. § 1961-1968 (1976) based on various violations of state and federal securities regulations.
On January 10, 1991, the defendant NAHC filed a motion to strike the fourth count of the second amended complaint for failure to state a claim under RICO and a supporting memorandum of law. On January 25, 1991, the plaintiffs filed a memorandum of law in opposition to the motion to strike.
The purpose of a motion to strike is to test the legal sufficiency of a complaint. Ferryman v. Groton, 212 Conn. 138, 142 (1989). The facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2 (1990). In ruling on a motion to strike, the court is limited to the grounds specified in the motion. Meredith v. Police Commission, 182 Conn. 138, 140 (1980).
The defendants' first argument, in support of the motion to strike is that the plaintiffs have failed to state a claim of securities fraud against the defendant NAHC. The defendant argues that the amended complaint only alleges securities violations in terms of the actions or omissions of the codefendant Robert Cohan.
The fourth count of the second amended complaint incorporates by reference paragraph five which states that the defendant Cohan is a registered broker employed by North American Investment Corporation, CT Page 3090 (NAIC) which is the selling arm of NAHC. The fourth count further alleges that the racketeering enterprise was NAIC and that the defendants Cohan and NAHC engaged in fraudulent conduct in violation of 18 U.S.C. § 1342. Accordingly the plaintiffs have alleged a claim of securities fraud against the defendant NACH and the motion to strike is denied on this ground.
The defendants' second argument in support of the motion to strike, is that the plaintiffs have failed to allege the existence of an enterprise. In paragraph 31 of the fourth count, the plaintiffs allege that the racketeering "enterprise" was North American Investment Corporation. Accordingly, the motion to strike is denied on this ground. The defendants' third argument, in support of the motion to strike is that the plaintiffs have failed to allege that NACH committed adequate predicate criminal acts.
RICO provides a civil remedy to one who has suffered injury to his business or property as a result of a violation of the criminal prohibitions contained in 18 U.S.C. § 1962. The basic elements of such prohibition are: (1) an enterprise and (2) either a pattern of racketeering or the collection of an unlawful debt.
The plaintiffs allege that the defendant North American Holding Corporation, engaged in conduct in violation of 18 U.S.C. § 1342. Accordingly, the defendants' motion to strike is denied.
For the foregoing reasons, the defendants' motion to strike the fourth count of the plaintiffs' second amended complaint is denied.
PICKETT, J.