[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Abraham M. Kalina, the administrator of the estate of Robin K. Pratt, filed suit against the City of Waterbury Police Department, Daniel Cavanaugh and William Lamb in a seven-count complaint. Count one alleges in part that on the night of March 23, 1988, the plaintiff's decedent was assaulted at her home by her estranged husband, Douglas Pratt, who attempted to kill her and threatened to kill her if she reported the assault. On March 26, 1988, the decedent reported the assault to defendant Cavanaugh, a Waterbury police officer. Neither Cavanaugh nor any other police officer allegedly took any action in response to the report. On March 27, 1988, Pratt's estranged husband entered her residence and shot her, resulting in her death that same day.
In count two, the plaintiff sues only Cavanaugh pursuant to Title 42 U.S.C. § 1983 and 1988. The plaintiff alleges that Cavanaugh violated his duties to the decedent in that he failed to investigate and/or arrest Douglas Pratt, and/or safeguard Robin Pratt, which failures are claimed to constitute violations of General Statutes 46b-38b, as well as procedures adopted by the Waterbury Police Department as required by General Statutes46b-38b(e). The plaintiff further alleges that Cavanaugh's actions were taken under color of state law and violate the decedent's right to due process under the federal constitution.
In count five, the plaintiff sues Lamb, the police superintendent, and the Waterbury Police Department for damages and attorney's fees also pursuant to 42 U.S.C. § 1983 and 1988. The plaintiff alleges that Lamb and the department were required by General Statutes 46b-38b(e) to promulgate guidelines for arrest and victim assistance in family violence matters. The plaintiff further alleges that these defendants failed to do so prior to the decedent's death and that the defendants' breach of their duties was a substantial factor in causing her death because no action was taken by Cavanaugh in response to the decedent's request. The plaintiff asserts that the defendants' failure was under the color of state law and deprived the decedent of her federal due process rights.
The defendants now move to strike (#102) counts two and CT Page 6846 five on the ground that they are legally insufficient, failing to state claims upon which relief can be granted.
The motion to strike contests the legal sufficiency of the allegations of a pleading. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138, 140,438 A.2d 27 (1980).
In support of their motion to strike count two, the defendants argue that the plaintiff has not sufficiently alleged a constitutional violation to state a claim under 1983. The defendants rely on DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249
(1989), in which the Supreme Court held that the federal due process clause does not ensure that the state protect private people from each other. The defendants argue that they cannot be held liable under 1983 because the federal constitution did not require them to protect the decedent from her estranged husband.
The plaintiff argues that count two sufficiently states a 1983 claim because the decedent had a property interest in the protections afforded by General Statutes 46b-38b, giving her a substantive due process right that was violated by Cavanaugh.
Section 1983 of Title 42 provides, in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State. . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights. . . secured by the Constitution and laws, shall be liable to the party injured. . . ." The Due Process clause of thefourteenth amendment to the U.S. Constitution provides that "[n]o State shall. . . deprive any person of life, liberty, or property, without due process of law."
The allegations in count two invoke the "property" interest aspect of due process, and to state a claim for a due process violation, the allegations must sufficiently establish a property interest.
If the plaintiff had based his claim solely upon the federal due process clause, DeShaney, supra, would indeed bar his claim as the defendants argue. DeShaney, however, left undecided the issue of whether a state statute gave the plaintiff in that case an entitlement to receive protective services from the state sufficient to implicate substantive due process rights. See DeShaney, supra, 1003 n. 2. The issue of whether General Statutes 46b-36b creates a property interest in CT Page 6847 its provisions has not yet been decided.
The plaintiff alleges that Cavanaugh did not comply with46b-36b which sets forth protections that are to be given to victims of domestic violence. Because the defendant has not moved to strike count two on the ground of failure to allege a sufficient property interest and because such a legal determination is not appropriately decided on a motion to strike, as contrasted with summary judgment, the motion as to count two is denied.
In count five, the plaintiff alleges that the failure of Lamb and the police department to implement guidelines for use by Waterbury police officers in handling family violence incidents, as required by 46b-38b(e), violated the decedent's right to due process and was under color of law. The plaintiff seeks damages and attorney's fees under Title 42 U.S.C. § 1983
and 1988.
In support of their motion to strike, the defendants argue that the city police department cannot be held liable absent allegations that it acted with "deliberate indifference" regarding its alleged failure to train police officers. They further repeat their argument in support of striking count two that no cognizable constitutional rights have been alleged and purportedly violated by Cavanaugh so that count five fails to state a claim for a 1983 violation.
Although a municipality may be held liable under 1983, `"a municipality cannot be held liable solely because it employs a tortfeasor — or in other words, a municipality cannot be held liable under 1983 on a respondeat superior theory."' (Emphasis in original.) Collins v. City of Harber Heights,___ U.S. ___, 112 S.Ct. 1061, 1066, ___ L.Ed.2d ___
(1992), quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611
(1978).
The facts alleged by the plaintiff in count five, however, do not attempt to impose liability upon the police department solely because it employs Cavanaugh. The plaintiff alleges that the department breached affirmative statutory duties by failing to implement guidelines and procedures in family violence matters, and that as a result the decedent's report of the assault upon her went unheeded, and the inaction of the defendants contributed to her death. Furthermore, the plaintiff's allegations in count five do not purport to state a claim based on a "failure to train" the officers. The defendants' argument that count five contains no allegations of "deliberate indifference" fails because first, even if those CT Page 6848 exact words are not used, the facts alleged sufficiently state a deliberate indifference to promulgating guidelines, and second, "deliberate indifference" allegations appear to be required only in "failure to train" cases. See Collins, supra, 1068; Canton v. Harris, 489 U.S. 378, 388 n. 8, 109 S.Ct. 1197,103 L.Ed.2d 412 (1989). Therefore the motion to strike count five is also denied because the plaintiff has alleged facts that state a cause of action against the police department and Lamb.
So Ordered.
Dated at Bridgeport, Connecticut this 20th day of July, 1992
WILLIAM B. LEWIS, JUDGE