[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff initiated this action against her former employer, Centerbank, seeking damages for wrongful termination. The plaintiff alleges that she asked of the defendant whether it was interested in donating any used office furniture to St. Thomas Seminary Corporation ("the seminary"), a tax-exempt § 501 (c)(3) organization. In response to the plaintiff's request, the defendant donated several items of used office furniture to the seminary. The seminary, however, only had use for several CT Page 1633-A of the donated items and, therefore, gave the remaining items back to the plaintiff. The plaintiff alleges she used the returned items in a business she partly owned known as the "Consignment Shop Fashions." The plaintiff was terminated from her employment with the defendant for misuse of defendant's property thereafter.
In the first count, the plaintiff claims that the termination was a breach of her implied contract of employment. In the second count the plaintiff alleges that the termination was in violation of public policy, in that the plaintiff's actions were for the advancement of a recognized charity. The third count alleges that the plaintiff's termination was a violation of public policy and was thus a malicious discharge.
The defendant moves to strike all three counts. The plaintiff has conceded the defendant's arguments concerning the motion to strike the first and third counts and they are stricken.
The motion to strike challenges the legal sufficiency of a CT Page 1633-B complaint. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992). The court must view the allegations of the complaint in the light most favorable to the plaintiff. Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "The grounds for a [motion to strike] may be that the facts, as pleaded, do not constitute a legally cognizable claim for relief." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716
(1978). "In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." (Citations omitted.) Meredith v. Police Commissioners,182 Conn. 138, 140, 438 A.2d 27 (1980).
It should be noted the plaintiff does not allege she was an employee for an indefinite term, whose employment could be terminated at will. See Sheets v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 472, 427 A.2d 385 (1980). An at will employee has a valid claim for wrongful termination "`if the former employee can [plead and] prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy.'" (Citations omitted.) CT Page 1633-CMorris v. Hartford Courant Co., 200 Conn. 676, 679, 513 A.2d 66
(1986).
 This public policy exception to the employment at will rule carved out in Sheets attempts to balance the competing interests of employer and employee. Under the exception, the employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy. The employer is allowed, in ordinary circumstances, to make personnel decisions without fear of incurring civil liability. Employee job security, however, is protected against employer actions that contravene public policy.
Id.
 Given the inherent vagueness of the concept of public policy, it is often difficult to define precisely the contours of the exception. . . . [T]he plaintiff [must] allege that his discharge violated any explicit statutory or constitutional provision [or CT Page 1633-D that] . . . his dismissal contravened any judicially conceived notion of public policy.
Id., 680.
Assuming Morris applies, the plaintiff argues that the dismissal was in violation of the public policy in favor of promoting charity, which policy is illustrated in Section 501 (C)(3) of the Internal Revenue Code. Specifically, the plaintiff argues that a termination based on the employer's belief that the employee was misusing the donated property when the charity gave her the property constitutes a violation of the public policy in favor of advancing charities. The plaintiff argues that such mistaken terminations would have a chilling effect on the advancement of charitable giving.
Assuming arguendo that there is a judicially recognized public policy in favor of promoting charitable donations, the question remains whether it is alleged that the termination here constitutes a public policy violation sufficient to weigh against the employer's right to terminate employment contracts CT Page 1633-E at will. The facts alleged in the plaintiff's complaint may not have the effect of dissuading employees from soliciting charitable donations on behalf of their employers, and may not mitigate against the public policy in favor of promoting voluntary donations to charities. Here the plaintiff simply alleges she was terminated for misuse of the furniture after she received it from the seminary. Without more, it is not apparent that any purpose discouraging charitable gifts was intended or achieved by her firing. In this situation the plaintiff has not alleged a "demonstrably improper reason for dismissal . . . derived from some important violation of public policy"; Sheetsv. Teddy's Frosted Foods, Inc., supra, 179 Conn. 475; sufficient to weigh against the employer's right to make personnel decisions without fear of civil liability. Morris v. HartfordCourant Co., supra, 200 Conn. 679; see also Carbone v. AtlanticRichfield Co., 204 Conn. 460, 467, 528 A.2d 1137 (1987) (aspect of wrongful termination claim requiring a demonstrably improper reason for dismissal derived from important violation of public policy acknowledges "that courts should not lightly intervene to impair [employer's] exercise of managerial discretion").
Here, not only has the plaintiff filed to allege how an CT Page 1633-F important public policy may be violated by the firing of an employee who has apparently misappropriated donated property, she has failed to allege that she was an employee at will. The right to recover in tort for wrongful discharge extends only to employees at will. D'Ulisse-Cupo v. Board of Notre Dame HighSchool, 202 Conn. 206, note 1.
Accordingly, the motion to strike count one, two and three of the complaint is granted.
McDONALD, J.