[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONTO STRIKE OF DEFENDANT TROW SANK, P.C. (NO. 103)
I
This is an action claiming violations of 15 U.S.C. § 1692i
of the Fair Debt Collection Practices Act (FDCPA) and the Connecticut Unfair Trade Practices Act (CUTPA) by the two defendants, a law firm and a credit collection business in proceedings to enforce a judgment debt owed by the plaintiffs. The defendant Trow Sank, P.C. (Trow Sank), filed a motion to strike both counts of the two-count complaint. I conclude that the plaintiffs were required to allege that Trow Sank commenced a legal action to enforce the debt owed by the plaintiffs in a judicial district other than the one in which the plaintiffs resided in order to state a claim under § 1692i. As the plaintiffs have made such an allegation, Trow Sank's motion to strike must be denied as to Count I. As Count II alleges a claim under CUTPA against an adversary's attorney, the motion to strike must be granted as to it.
 II
The plaintiffs, Richard and Carol Elliot, commenced this action by filing a two count complaint against the defendants, Household Credit Services, Inc. (Household) and Trow Sank. The complaint alleges that the Union Trust Company obtained a default judgment against Mr. Elliot in the amount of $803.88 in the Superior Court, judicial district of Stamford-Norwalk, at Stamford, on February 20, 1982.[1] The plaintiffs allege that they were not aware at any time that they were indebted to Union Trust and never received notice of any kind that Union Trust had commenced an action against them, had obtained a judgment in its favor or had subsequently assigned or sold the debt to Household. The plaintiffs further allege that on June 17, 1992, they had filed a joint voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code, and, with the assistance of counsel, had made a rigorous and diligent search for all creditors in preparing their bankruptcy schedules. The complaint further alleges that Household, acting through its attorneys, Trow Sank, instituted post-judgment garnishment proceedings to enforce the debt against the plaintiffs on or about February 24, 1994, and that the plaintiffs received written notice on May 4, 1994, that their entire checking account at the Jewett City Trust Company had been attached. By that time, the judgment debt had mounted to $1,745.62, including accrued interest. CT Page 13855
The plaintiff also alleged that at all `relevant times herein,' they have resided in Jewett City, which is in the New London Judicial District.
Count I of the complaint alleges that, by virtue of the acts alleged above, both defendants have committed violations of 15 U.S.C. § 1692i. Count II alleges that, by virtue of the violations of FDCPA alleged in Count I, the defendants have also committed violations of CUTPA.
Trow Sank filed this motion to strike Counts I and II of the plaintiffs' complaint. The parties have each filed a memorandum of law in support of their respective positions.
 III
"In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion. . . . [and unspecified grounds can] not furnish a basis for [granting the motion]." Merideth v. Police Commission,182 Conn. 138, 140-41 (1980). "[A] trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." LiljedahlBros. Inc. v. Grigsby, 215 Conn. 345, 348 (1990). These facts "[do] not include, however, [any] legal conclusions or opinions stated in the complaint." S.M.S. Textile v. Brown, Jacobson,Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 796 (1993). "[The court is to construe] the facts alleged in the complaint in a light most favorable to the pleader. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors,Inc. v. Fusco Corp., 231 Conn. 381, 384 (1994).
In the present case, Trow Sank asserts that Count I of the plaintiffs' complaint is legally insufficient to state a claim under 15 U.S.C. § 1692i, because it fails to allege any use of a distant judicial district by Trow Sank to enforce the debt. Trow Sank argues that the complaint merely alleges that it instituted post-judgment garnishment proceedings against the plaintiffs, which is not in and of itself a violation of FDCPA.
15 U.S.C. § 1692i(a)(2) requires that:
a debt collector's legal action on a debt against a CT Page 13856 consumer shall be brought: . . . only in the judicial district or similar legal entity
 (A) in which the consumer signed the contract sued upon; or
 (B) in which such consumer resides at the commencement of the action.
The plaintiffs are correct in their assertion that the institution of garnishment proceedings is covered by the venue provision of § 1692i. Fox v. Citicorp Credit Services, Inc.,15 F.3d 1507, 1515 (9th Cir. 1994). Evident in the Fox case is the fact that the plaintiffs in that case specifically alleged that "[the defendants] violated [§ 1692i] by filing the application for a writ of garnishment in the Maricopa County Superior Court rather than in Pima County where the Foxes lived." Id., 1511. In this case, the plaintiffs' complaint fairly makes a similar allegation against Trow Sank. The court infers from the complaint that Trow Sank applied to the Superior Court in the Stamford-Norwalk judicial district for an execution on the judgment in order to proceed against the plaintiffs' bank account.
The plain meaning of the term "legal action" encompasses all judicial proceedings including those in enforcement of a previously-adjudicated right. See S M Investment Co. v.Tahoe Regional Planning Authority, 911 F.2d 324, 326-27, cert. denied, 498 U.S. 1087, 111 S.Ct. 963, 112 L.Ed.2d 1050
(1991). "Because debt includes obligations reduced to judgment, any judicial proceeding relating to such a judgment constitutes a legal action on a debt." (Internal quotation marks omitted.) Fox v. Citicorp, supra, 1515.
The purpose of the venue provision in FDCPA reflects the concern of Congress about consumers having to defend against lawsuits in distant or inconvenient courts. A consumer would face a similar burden in defending against an enforcement proceeding. Here, Trow Sank voluntarily released the execution on the plaintiffs' bank account. If it had not done so, the plaintiffs would have had to move to quash it, defend against it or claim exemptions in the judicial district of Stamford-Norwalk, a `distant or inconvenient court'. Thus, it appears that the plaintiff's claim against Trow Sank fits within the ambit of 15 U.S.C. § 1692i. Therefore, the motion to CT Page 13857 strike Count I must be denied.
 IV
Trow Sank also claims that Count II of the plaintiffs' complaint is legally insufficient, because (1) CUTPA does not provide a private cause of action for an individual against an attorney representing an adverse party; and (2) it fails to allege an "unfair or deceptive" act within the meaning of CUTPA.
Although the plaintiffs' complaint may state a claim under CUTPA for a violation of FDCPA, which is unnecessary to decide, the defendant's motion to strike Count II must be granted, as CUTPA does not provide a cause of action against an adversary's attorney. See, Jackson v. R. G. Whipple, Inc.,225 Conn. 705, 729 (1993); see also, Larsen Chelsey Realty Co. v.Larsen, 232 Conn. 480, 495 (1995). Kuhns v. Jacobson, Brown,Tillinghast, Lahan King, P.C., Superior Court, J. D. Litchfield, Docket No. 94-64249 (13 Conn. L. Rptr. 14, 442, 1995) (Pickett, J.); Gustafson v. Young, Superior Court, J. D. New London at Norwich, Docket No. 105199 (12 Conn. L. Rptr. 4, 105, 1994) (Teller, J.).
Based on the foregoing, the defendant Trow Sank, P.C.'s motion to strike Count I is denied. The motion to strike Count II is granted.
Teller, J.