[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION 
The plaintiff, Harold A. Bochino, instituted this action against Geraldine C. Nesline, the plaintiff's former wife, and Richard A. Nesline, The plaintiff, Harold A. Bochino, instituted this action against Geraldine Nesline's current husband, by an application for a prejudgment remedy dated July 31, 1995.[1]
the first count of his amended complaint, the plaintiff alleges that Geraldine Nesline breached a separation agreement between herself and the plaintiff.[2] The plaintiff alleges that Geraldine Nesline defaulted on the payment of the note, mortgage and common charges associated with a condominium that was the subject of such agreement, and thereby caused the institution of foreclosure proceedings by the bank and the condominium association against both the plaintiff and Geraldine Nesline.
In their amended answer, the defendants, on behalf of CT Page 829 Geraldine Nesline, assert five special defenses, the third and fourth of which are directed to count one and are the subject of the present motion to strike.[3] The third special defense alleges that the separation agreement was obtained from Geraldine Nesline by the extreme and acute duress of the plaintiff. Specifically, the defendants allege that the plaintiff wrongfully: (1) repeatedly and abusively threatened and harassed the defendant and placed her in great fear; (2) forced the defendant to discharge the initial divorce lawyer of her choice during the pendency of the divorce proceedings; (3) forced the defendant to obtain a second divorce lawyer of the plaintiff's choice; and (4) abusively interfered with the second lawyer's provision of advice and counsel to the defendant to the extent that the defendant was forced to discharge the second lawyer and proceed unrepresented, unadvised and "unassisted by any counsel through the legal divorce process, against her then-husband, the Plaintiff herein, who was then and is a seasoned and highly experienced lawyer, and who was then being advised by an expert and leading divorce lawyer." The defendants' fourth special defense alleges that once Geraldine Nesline was unrepresented by counsel as a result of the plaintiff's exertion of duress as alleged in the third special defense, the plaintiff fraudulently misrepresented to the defendant the legal and practical effects of the provisions of the separation agreement and the nature, character and extent of the parties' rights, property and prospects that were the subject of the agreement. The defendants also assert that Geraldine Nesline was induced by the plaintiff's misrepresentations to enter into the agreement.
The plaintiff moves to strike the defendants' third and fourth special defenses on the following grounds: (1) Richard Nesline was not a party to the separation agreement and, therefore, has no standing to challenge the legal sufficiency or validity of the agreement; and (2) Geraldine Nesline should be barred from attempting to challenge the legal sufficiency of the separation agreement on the basis of equitable estoppel, laches, res judicata and the clean hands doctrine.
"The function of a motion to strike is to test the legal sufficiency of a pleading," Napoletano v. Cigna Healthcare ofConnecticut. Inc., 238 Conn. 216, 232, 680 A.2d 127 (1996), including the legal sufficiency of a special defense. Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). When ruling on a motion to strike a special defense, the trial court must take the facts to be those alleged in the special defense and construe the CT Page 830 defense in the manner most favorable to sustaining its legal sufficiency. Connecticut National Bank v. Douglas, 221 Conn. 530,536, 606 A.2d 684 (1992); see also Alpha Crane Service, Inc. v.Capitol Crane Co., 6 Conn. App. 60, 76, 504 A.2d 1376 (1986). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RKConstructors. Inc. v. Fusco Corp. , 231 Conn. 381, 384,650 A.2d 153 (1994).
"In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [pleadings] . . . and cannot be aided by the assumption of any facts not therein alleged. . . . Where the legal grounds for such a motion are dependant upon underlying facts not alleged in the [nonmoving party's] pleadings, the [moving party] must await the evidence which may be adduced at trial, and the motion should be denied." (Citations omitted; internal quotation marks omitted.) LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). Finally, in passing on a motion to strike, the trial court must not consider grounds other than those specified in the motion.Meredith v. Police Commission, 182 Conn. 138, 141, 438 A.2d 27
(1980).
As to the plaintiff's first ground for his motion to strike the third and fourth special defenses, that Richard Nesline has no standing to challenge the separation agreement because he was not a party to such agreement, both special defenses as pleaded relate solely to Geraldine Nesline and, therefore, do not relate to Richard Nesline.[4] The defendants make no allegations in the special defenses relating in any way to Richard Nesline. The allegations of the defenses name only Geraldine Nesline, and refer to "her" and "defendant" in the singular. Because Richard Nesline is not challenging the plaintiff's claim of breach of the separation agreement as alleged in count one on behalf of himself, there is no need for him to have standing, and the plaintiff's motion to strike the defendants' third and fourth special defenses on this ground must fail.
The plaintiff's second ground in support of his motion to strike, that Geraldine Nesline should be barred from challenging the legal sufficiency of the separation agreement by the doctrines of equitable estoppel, laches, res judicata and clean hands, must also fail on the basis that it argues the merits of the special defenses based upon underlying facts not pleaded and is, therefore, an improper speaking motion. In fact, the CT Page 831 plaintiff, in his memorandum of law in support of his motion to strike, discusses facts far beyond the scope of the pleadings and even attaches as support the transcript and judgment from the underlying marriage dissolution proceedings, neither of which documents were included as part of the pleadings. This type of factual discussion in the context of a motion to strike is entirely inappropriate and cannot be considered by the court.
In light of the foregoing, the plaintiff's motion to strike the defendants' third and fourth special defenses is denied.
Stodolink, J.