[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE #109
This is an action for wrongful termination of employment. The plaintiff, Donald A. Telesca, claims he met with Frank Santaguida an agent and employee of the defendant corporation who interviewed him for a position in the human resources department. During that interview, Santaguida stated that if the plaintiff were to be hired, "he would have a lifetime job" and indicated he would "strongly recommend" that the plaintiff be hired to fill the position. It is further alleged that Santaguida provided the plaintiff with a copy of the defendant's personnel handbook. This handbook, according to the plaintiff, declares that the defendant "will protect the rights and well being of all employees," and further provides that any disciplinary action "will be administered fairly without prejudice and only for just cause."
Thereafter the plaintiff met with, James C. Lestorti an "owner" of the defendant corporation, who hired him for the human resources position on September 11, 1995. On or about September 29, 1995, the defendant terminated the plaintiff's employment.
The amended complaint contains five counts, alleging: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) promissory estoppel; (4) negligent misrepresentation; (5) negligent infliction of emotional distress. The defendant has filed this motion to strike counts three, four and five of the plaintiff's amended complaint. Although Judge Fineburg initially denied this motion "for failure to prosecute", he granted a motion to reargue and agreed the matter could be referred to another judge for a de novo hearing on this motion. The matter was then assigned to the undersigned.
The function of a motion to strike "is to test the legal sufficiency of a pleading." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384, 650 A.2d 153 (1994); Practice Book § 152. A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBSCT Page 13172Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). Therefore, when ruling on a motion to strike, the court must construe the facts most favorably to the nonmoving party. Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, 639 A.2d 293 (1997). "This includes the facts necessarily implied and fairly provable under the allegations. . . ." S.M.S. Textile Mills, Inc. v. Brown,Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786,796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v.Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission,182 Conn. 138, 140, 438 A.2d 27 (1980).
1. Count Three — Promissory Estoppel
The defendant moves to strike the third court alleging promissory estoppel on the ground that the count contains no allegations that Santaguida was an authorized agent, with actual or apparent authority to act or speak for the defendant. The plaintiff contends that the allegations sufficiently allege that Santaguida had both actual and apparent authority.
"Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act, or that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. . . ." (Internal quotation marks omitted.) Chotkowski v. State, 240 Conn. 246, 268, 690 A.2d 368
(1995); D'Ulisse-Cupo v. Board of Directors of Notre Dame HighSchool, 202 Conn. 206, 213, 520 A.2d 217 (1987). "Under a promissory estoppel theory, a party may maintain a claim for damages based upon a promise which induces the party's action or forbearance, if such action or forbearance is undertaken in reasonable reliance upon the promise." Finley v. Aetna Life Casualty Co., 202 Conn. 190, 205, 520 A.2d 208 (1987).
The plaintiff has sufficiently alleged that Santaguida, was responsible for the human resources department, had actual and/or apparent authority to act for the defendant. Moreover, the third count is not based entirely upon the statements made by Santaguida, but also upon the representations contained in the CT Page 13173 defendant's handbook. There are sufficient allegations made to support a cause of action, that the defendant made promises upon which the plaintiff could have reasonably relied.
2. Count Four — Negligent Misrepresentation
The defendant's argument in connection with striking the fourth count which alleges negligent misrepresentation is basically the same argument advanced with respect the third count. The defendant argues that since the plaintiff did not specifically allege that Santaguida had authority to act for the defendant, there could be no negligent misrepresentation on the part of the defendant.
"This court has long recognized liability for negligent misrepresentation." D'Ulisse-Cupo v. Board of Directors of NotreDame High School, supra, 202 Conn. 217. "The governing principles are set forth in . . . § 552 of the Restatement Second of Torts (1979): "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Id., 217-18. "[T]he plaintiff need not prove that the representations made by the [defendant] were promissory. It is sufficient to allege that the representations contained false information." Id., 218.
In the fourth count, the plaintiff alleges that Santaguida's statements and representations contained in the defendant's handbook were negligently made and that, by his reliance thereon, the plaintiff was injured. As stated previously, the plaintiff has sufficiently alleged that Santaguida had actual and/or apparent authority to act for the defendant. Moreover, the plaintiff's claim of negligent misrepresentation, is not solely based upon the statements made by Santaguida, but also upon representations contained in the defendant's handbook. The court for the same reasons advanced in the previous section will deny the motion to strike the fourth count of the amended complaint.
3. Count Five — Negligent Infliction of Emotional Distress
In the fifth count, the plaintiff has alleged a claim for CT Page 13174 negligent infliction of emotional distress. The defendant argues here that this count is "legally insufficient" in that it alleges nothing more than the termination of the plaintiff's employment as the basis for the "infliction of emotional distress".
In order to sustain a claim for the negligent infliction of emotional distress, the plaintiff must allege facts concerning the defendant's unreasonable conduct. In addition, "the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Parsons v. United Technologies Corp. ,243 Conn. 66, 88, ___ A.2d ___ (1997). "[N]egligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process. . . . The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress. The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." (Citations omitted; internal quotation marks omitted.) Id., 88-89; Morris v.Hartford Courant Co., 200 Conn. 676, 681-82, 513 A.2d 66 (1986). "An example of unreasonable conduct occurring at the time of discharge is where a meeting or any other aspect of the actual discharge was done in [a] . . . humiliating manner. . . ."Saloomey v. A Child's Garden, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324092 (April 24, 1996, Levin, J.), quoting Leniart v. C S Distributors, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 516354 (January 21, 1994, Corradino, J.).
Although the plaintiff argues that the motivation behind the termination was unreasonable, he has not alleged sufficient fact which would indicate that the manner in which the defendant terminated the plaintiff's employment was based upon unreasonable conduct. The court will therefore grant the motion to strike the fifth count since the plaintiff has failed to plead sufficient facts to support a cause of action for the negligent infliction of emotional distress.
Pellegrino, J. CT Page 13175