[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE # 113
The plaintiff, Kathleen Moomau, filed a six-count second amended complaint against the defendants, Cheryl Doumar and Henry Seeman, on February 25, 1998. The plaintiff alleges the following facts. Doumar and Seeman are married and practice dentistry at 373 Nichols Avenue in Stratford. On or about September 1, 1995, the plaintiff was hired by Doumar as a dental assistant. On or about June 15, 1996, the plaintiff informed the defendants that she was pregnant, and that her expected date of delivery was December 4, 1996. While the plaintiff continued to work satisfactorily at the defendants' practice the defendants hired a full time dental assistant on September 26, 1996. After this, the plaintiff's hours were reduced, and she was informed by Seeman that upon her return from maternity leave, she would only be allowed to work ten hours per week on a temporary basis until she found another job. On Tuesday, November 19, 1996, the defendants ordered the plaintiff to leave the office and not to return for the balance of the week. In counts one through four, the plaintiff has brought causes of action against the defendants under General Statutes § 46a-60 (a)(7), which prohibits employers from discriminating against women because of pregnancy, and against Seeman under General Statutes § 46a-60 (a)(5), which prohibits anyone from aiding and abetting an employer's discriminatory employment practices. In counts five and six, the plaintiff has brought claims for intentional and negligent infliction of emotional distress against the defendants. CT Page 7674
On March 30, 1998, the defendants filed a motion to strike counts five and six of the second amended complaint on the ground that they fail to state legally sufficient causes of action for intentional and negligent infliction of emotional distress. The plaintiff filed a memorandum in opposition to the defendants' motion to strike on May 4, 1998. The matter was heard by the court on May 4, 1998.[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, ___ A.2d ___ (1998) .
 A. Intentional Infliction of Emotional Distress
The defendants argue that besides a conclusory statement by the plaintiff that the defendants' actions were intentional, the plaintiff has not alleged any intentional action by the defendants which would support a cause of action for intentional infliction of emotional distress. The defendants further argue that even assuming their actions were intentional, the plaintiff has failed to allege that this intentional conduct was intended to cause and/or inflict severe emotional distress upon the plaintiff. The plaintiff argues that she has adequately pleaded the first element of a cause of action for intentional infliction of emotional distress.
"It is well settled that, in order to state a claim of intentional infliction of emotional distress, [i]t must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Parsons v. United Technologies Corp. , 243 Conn. 66,101, 700 A.2d 655 (1997) (Berdon, J., concurring in part and dissenting in part). CT Page 7675
The plaintiff has pleaded facts indicating what constituted the intentional acts, conduct and words on the part of the defendants. (Count five, ¶ 20). The plaintiff has also pleaded that the defendants knew or should have known that their extreme, outrageous and intentional acts, conduct and words would cause the plaintiff to suffer extreme emotional distress. (Count five, ¶ 21). Construing the complaint in the light most favorable to the plaintiff, the court finds that the plaintiff has pleaded sufficient facts to show the first element of a cause of action for intentional infliction of emotional distress, and the defendants' motion to strike count five of the second amended complaint is denied.[2]
 B. Negligent Infliction of Emotional Distress
The defendants argue that the plaintiff has failed to allege in count six that the defendants acted negligently. The defendants also argued before the court that the tort of negligent infliction of emotional distress was limited to the "process of termination." The defendants have failed to raise this issue in their motion to strike, however, and so the court will not consider this argument. See Morris v. Hartford CourantCo., 200 Conn. 676, 682, 513 A.2d 66 (1986) (grounds other than those specified should not be considered by the trial court in passing upon a motion to strike); Meredith v. Police Commission,182 Conn. 138, 140, 438 A.2d 27 (1980) (in ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion). The plaintiff argues that she has alleged sufficient facts to demonstrate that the defendants' actions were both intentional and unreasonable, and that an allegation of unreasonable conduct will support a cause of action for negligent infliction of emotional distress. The plaintiff also argues that while the pleadings do not use the word "unreasonable," the second amended complaint properly sets forth legally sufficient allegations to establish this element of a cause of action for negligent infliction of emotional distress.
In order to state a claim for negligent infliction of emotional distress, "the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm. . . . Accordingly, negligent infliction of emotional distress in the employment context arises only where it is based CT Page 7676 upon unreasonable conduct of the defendant in the termination process. . . . The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress. The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." (Citations omitted; internal quotation marks omitted.) Parsons v. UnitedTechnologies Corp. , supra, 243 Conn. 88-89.
The plaintiff has alleged that the defendants "knew or should have known that her acts, conduct and words as described herein ran the risk of causing the Plaintiff to suffer emotional distress, depression, anxiety, embarrassment and ridicule during her pregnancy thereby adversely affecting her ability to enjoy her pregnancy and the birth of her child." (Count six, ¶ 20). Although the plaintiff has not specifically alleged that these actions were negligent or unreasonable, when viewed in the light most favorable to the plaintiff, including the facts necessarily implied and fairly provable under the allegations, the allegations are sufficient to satisfy the negligence/unreasonable requirement of a claim for negligent infliction of emotional distress. See Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992) (in ruling on motion to strike, court construes facts alleged in the complaint in the light most favorable to the plaintiff, including facts necessarily implied and fairly proven under the allegations). In addition, when comparing the allegations in count five to count six, it is apparent that the plaintiff has attempted to plead intentional infliction of emotional distress in count five and negligent infliction of emotional distress in count six. The plaintiff has pleaded in count five that the defendants knew or should have known that their extreme, outrageous and intentional acts would harm the plaintiff. (Count five, ¶ 21). The plaintiff has pleaded in count six that the defendants knew or should have known that the acts ran the risk of causing harm to the plaintiff. (Count six, ¶ 20). Therefore, the allegations in count six, although failing to specifically state that the defendants' actions were negligent or unreasonable, are separate and distinct from the plaintiff's intentional infliction of emotional distress allegations. For these reasons, the defendants' motion to strike count six of the second amended complaint is denied.
DAVID W. SKOLNICK, JUDGE CT Page 7677