BARBARA C. BLOCK *v.* GENEVIEVE C. CARRIER ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 081287
NEW LONDON

Memorandum filed April 26, 1985

*Victor I. Moses,* for the plaintiff.

*Scoler, Galligan & Schless,* for the named defendant.

*Brown, Jacobson, & Laudone,* for the defendant Morris Epstein.

SCHALLER, J. The plaintiff seeks a judgment declaring that the interest of the named defendant, Genevieve C. Carrier, in certain property is a life estate with a fee remainder to the plaintiff or in the alternative, that the named defendant holds the property as trustee for and on behalf of the plaintiff. The complaint also seeks an order restraining the named defendant from selling, transferring or disposing of the property pending the disposition of this action.

The complaint alleges that on March 31, 1961, F. Lawrence Carrier died a resident of Mount Vernon, New York and left a will dated January 8, 1946. The will was admitted to the Surrogate's Court of Westchester County, New York, and thereafter, by ancillary proceedings, was duly proved and recorded in the Probate Court for the District of Colchester, Connecticut. On December 7, 1964, the Probate Court filed a certificate of devise which was recorded in the Colchester land records.

On or about December 1, 1984, the named defendant entered into a contract with the defendant Morris

Epstein to sell the devised property. The plaintiff claims an interest in the property by virtue of the will, which states: "I, F. Lawrence Carrier . . . give to my beloved wife, Genevieve C. Carrier, my house and property located in North Westchester, Connecticut—this property consisting of house, garage and about 45 acres of land. I will this property to her in the hope that in her will she will pass it on to our daughter, Barbara." The defendants move to strike the complaint as legally insufficient for failing to state grounds upon which relief can be granted.

The motion to strike properly challenges the legal sufficiency of the allegations of the complaint. Practice Book § 152 (1). The motion admits all well-pleaded facts; *Ivey, Barnum & O'Mara* v. *Indian Harbor Properties, Inc.,* 190 Conn. 528, 530, 461 A.2d 1369 (1983); which are construed in a manner most favorable to the pleader. *Amodio* v. *Cunningham,* 182 Conn. 80, 82, 438 A.2d 6 (1980). The court may only consider those grounds raised in the motion. *Meredith* v. *Police Commission,* 182 Conn. 138, 140, 438 A.2d 27 (1980).

The defendants argue that more than ten years have passed since the probating of the decedent's estate and that, therefore, in light of General Statutes § 45-257d, the complaint fails to allege a cause of action or any obligation of the defendants to perform. Section 45-257d provides: "TIME LIMITED FOR GRANTING ADMINISTRATION OR PROVING WILL; EXCEPTIONS. Except as provided in section 45-263, administration of the estate of any person shall not be granted, nor shall the will of any person be admitted to probate, after ten years from his decease, unless the court of probate upon written petition and after public notice and hearing finds that administration of such estate ought to be granted, or that such will should be admitted to probate; but when any minor is interested, one year shall be allowed after his arrival at the age of majority to

take out administration or to cause such will to be proved. In all cases where any person has died leaving property which is not known to those interested in the same within the time above limited, but is discovered afterwards, administration may be granted within one year after its discovery."

That statute is not applicable to this situation. The complaint does not seek administration or proving of the will. Nor does the complaint seek to appeal the probate decree. When the allegations are viewed in a manner most favorable to the pleader, it appears that the plaintiff seeks injunctive relief and a determination of the parties' interest in the real property. Since the court is limited to the reasons raised by the motion; *Meredith* v. *Police Commission,* supra, 140; the court must deny the motion to strike.

The defendants also seek, pursuant to General Statutes § 52-325a (a), to discharge a lis pendens which was recorded against the property. That statute provides in pertinent part: "Whenever a notice of lis pendens is recorded against any real property pursuant to subsection (a) of section 52-325, the property owner, if the action has not then been returned to court, may make application, together with a proposed order and summons . . . to determine whether such notice of lis pendens should be discharged . . . ." The defendants' motion has no attached order and summons as set forth in § 52-325a (a). As such, the defendants' motion to discharge the lis pendens must be denied.