[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO STRIKE
The plaintiffs move to strike the first and second special defenses of the defendants Club Med, Inc. and Club Med Sales, Inc. and the first and second special defenses of defendant American Airlines.
The motions to strike are denied since the sole ground asserted for the motions is the law of the case doctrine, and that doctrine is a flexible rule that does not automatically bar the re-litigation of questions of law decided at an earlier stage of the pleadings.
The plaintiffs do not challenge the legal sufficiency of the allegations of the special defenses. In ruling on a motion to strike, the court is limited to considering the grounds specified in the motion. Meredith v. Police Commissioner, 182 Conn. 138, 140 (1980). Consequently, the sole issue presented by these motions to strike is whether the law of the case doctrine constitutes an absolute bar to re-pleading a legal issue upon which a ruling has been already rendered.
"`(A) judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had made the original decision. (Citations omitted.)'" Texaco, Inc. v. Golart,206 Conn. 454, 458 (1988). "The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked." Breen v. Phelps, 186 Conn. 86, 99 (1982).
The plaintiffs' motions to strike (Document Nos. 178 CT Page 3076 and 179) are denied.
Axelrod, J.