[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS STOCKMAN, JANNONE AND MULROY MOTION TO STRIKE (#184)
This action has been brought by the Administratrix of the Estate of Travis Brown seeking money damages for the death of Mr. Brown. Mr. Brown was a passenger in an automobile which allegedly was being chased by police from North Haven and Woodbridge when it ran off the road striking a parked vehicle, resulting in Mr. Brown receiving injuries which allegedly caused his death.
The plaintiff has filed a second revised nine count complaint (complaint) against various defendants alleging various causes of action. The second count of the complaint is directed against four police officers of the North Haven Police Department and two police officers of the Woodbridge Police Department. The second count seeks damages for alleged violations of the plaintiff decedent's rights under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and 1988, and Article One, Sections Seven, Eight and Nine of the Connecticut Constitution. CT Page 8984
Before the court is a motion to strike the second count filed on behalf of the defendants Theodore Stockman, Mark Jannone and Timothy Mulroy, who are three North Haven police officers. The only claim made in the motion to strike and argued is that the second count fails to allege facts which if proven legally amount to a seizure of the plaintiff's decedent, that such a seizure is required in order to prove a claim under 42 U.S.C. § 1983 and under the Fourth Amendment of the United States Constitution, and therefore, the second count fails to allege a valid cause of action.
The motion to strike does not attack in any way the due process and equal protection claims allegedly as provided in theFourteenth Amendment to the U.S. Constitution and in Article One, Sections Seven, Eight and Nine of the Constitution of Connecticut, as is alleged in the second count of the complaint. While it does appear that there may be merit to the claim advanced in the motion to strike based on a lack of "seizure" as required by theFourth Amendment, whether there is any merit or lack thereof in the other claims made in the second count is not before the court because the motion to strike does not address the legal validity of these other claims. In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion and should not consider grounds other than those specified in the motion. Meredith v. Police Commissioners, 182 Conn. 138, 140-141.
Since the motion to strike is directed to the entire second count and does not attack all of the various theories presently alleged in that count the Motion to Strike must be denied.
WILLIAM L. HADDEN, JR., JUDGE.