[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has instituted the present action alleging that a sexual assault was committed on her by the defendant physician, while in the process of providing medical treatment to her. The Second Count of the complaint alleges that the conduct of the defendant constitutes a violation of the Unfair Trade Practices Act ("CUTPA"). General Statutes Section 42-110a. The defendant has moved to strike the Second Count of the complaint on the ground that the complaint fails to allege how defendant's actions are immoral, unethical, unscrupulous or offensive to public policy and on the ground that a single act cannot constitute a violation of CUTPA.
In ruling upon a Motion to Strike the Court is limited to a consideration of the grounds specified in the motion. Meredith v. Police Commissioner, 182 Conn. 138, 140 (1980). The conduct alleged in the complaint does constitute conduct which violates CUTPA under the rules of such cases as Daddona v. Liberty Mobile Homes Sales, Inc., 209 Conn. 243, 254 (1988). As to the Second ground of the Motion to Strike, General Statutes Section 42-110b
sets forth a statutory prohibition against unfair methods of competition and unfair deceptive acts or practices in the conduct of any trade or commerce. (Emphasis supplied). General Statutes, Section 42-110g, in turn, provides that a cause of action for damages may be brought by any person who suffers a loss as a result of the use or employment of "a" prohibited "method, act or practice". Thus, the Unfair Trade Practices Act describes prohibited conduct in the plural form and provides a cause of action in the singular form for a loss resulting from such a prohibited method act or practice. The Court therefore holds that an allegation of a single prohibited professional or business act sufficiently states a cause of action under CUTPA. See cases as Yale University School of Medicine v. Wurtzel, 17 Clt. p. 14 (1991) (Flanagan, J.).
Accordingly, the Motion to Strike is denied. CT Page 2613
RUSH, JUDGE