[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff has instituted a nine count complaint against the defendants arising out of an employment relationship with the corporate defendant. The defendants have moved to strike all nine counts of the complaint on the basis that the allegations do not contain the required specificity to establish the causes of action alleged.
The function of a motion to strike is to challenge the legal sufficiency of the allegations. Ferryman v. Groton, 212 Conn. 138,142 (1982). In its ruling the court is limited to the grounds specified in the motion to strike. Meredith v. Policy Commissioner, 182 Conn. 138, 140 (1980). The court must construe the facts in the pleading in a manner most favorable to the nonmoving party and, if the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Rowe v. Godou, 209 Conn. 273, 278 (1988); Mingachos v. CBS. Inc., 196 Conn. 91, 109 (1985).
The court has reviewed the allegations contained in the revised complaint and, except as hereinafter stated, finds them sufficient to withstand a motion to strike.
Paragraphs #13 and #14 of Eighth and Ninth Counts purport to set forth cause of action for wrongfully interfering with the plaintiff's attempt to obtain unemployment compensation by making false claims regarding the plaintiff and by knowingly or recklessly misrepresenting facts to the Unemployment Security Division of the Department of Labor. The absolute privilege which exists for statements made in judicial proceedings applies to unemployment compensation proceedings. Petyan v. Ellis, 200 Conn. 243 (1986). Accordingly, the claim made by the plaintiff relating to the Connecticut Unemployment Security Division is precluded by that privilege. Accordingly, the motion to strike with respect to those paragraphs is hereby granted. CT Page 4820
RUSH, J.