[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 13, 1997, the plaintiff filed a request for leave to amend its complaint. The defendant filed an objection on February 25, 1997, arguing that the plaintiff's amended complaint stated a new cause of action that did not relate back to the original complaint, and was therefore barred by the applicable statute of limitation.
On March 24, 1997, Judge McMahon overruled the defendant's objection and notified the parties by postcard printed "overruled." Subsequently, the defendant amended its answer to include three special defenses. The first and second special CT Page 8508 defenses both allege that because the amended complaint states a new cause of action and is based on different statutory violations, it is barred by the statute of limitation. The third special defense alleges that the second count of the complaint fails to state a cause of action since no separate action is given to a spouse under General Statutes § 31-290 (a). On July 2, 1997, the plaintiff filed this motion to strike the defendant's first and second special defenses.
As required by Practice Book § 155, the plaintiff has filed a memorandum in support of its motion to strike, and the defendant has timely filed a memorandum in opposition.
When ruling on a motion to strike, a trial court "is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably [to the nonmoving party]." (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). The trial court "should not consider grounds other than those specified." Meredith v.Police Commission, 182 Conn. 138, 141, 438 A.2d 27 (1980).
"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Internal citations omitted.) Breen v. Phelps, 186 Conn. 86, 99, 439 A.2d 1066
(1982).
"A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision." (Internal quotation marks omitted.) Breen v. Phelps, supra,186 Conn. 98.
The Connecticut Supreme Court, however, has also held that "[a] judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another." (Internal quotation marks omitted.) Carothers v. Capozziello,
CT Page 8509215 Conn. 82, 107, 574 A.2d 1268 (1990). Moreover, "[n]ew pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored." (Internal quotation marks omitted.) Breenv. Phelps, supra, 186 Conn. 99.
The plaintiff argues in its memorandum in support of its motion to strike that the issues raised in the defendant's special defenses have already been decided. It is the plaintiff's contention that when Judge McMahon overruled the defendant's objection to the plaintiff's request to amend its complaint and when he overruled the defendant's motion to reargue that decision, that he "twice determined that the amended complaint relates back to its original filing and is not barred by the statute of limitations."
The defendant submits that the concept of the law of the case does not apply in this situation. The defendant argues that Judge McMahon's decision, allowing the plaintiff to amend its complaint, was merely an exercise of the court's discretion and liberal policy of allowing amendments to the pleadings. The defendant further claims that because the postcard merely stated that the defendant's objection was overruled, that any substantive decision regarding the statute of limitation was "left to another day."
Based on the foregoing, the plaintiff's motion to strike the defendant's first and second special defenses is denied. The order overruling the defendant's objection to the plaintiff's request to amend the complaint was interlocutory in nature. The court has ruled that the law of the case doctrine only applies to decisions that are interlocutory in nature. CFM of Connecticut,Inc. v. Chowdury, 239 Conn. 375, 404, 685 A.2d 1108 (1996).
In the present case, however, it is arguable whether there even is any "law of the case" regarding the claims set forth in the defendant's special defenses. See Rosenblit v. Danaher,206 Conn. 125, 133, 537 A.2d 145 (1988) (holding that when there is no definitive decision or ruling on a motion, the doctrine of the law of the case in inapplicable).
Even if the postcard with the single word "overruled" printed on it were to be considered the law of the case, the plaintiff's motion should nevertheless be denied. The doctrine of the law of the case is flexible, and trial judges are not bound by CT Page 8510 interlocutory decisions of other trial judges involving the same case or issues.
Howard F. Zoarski Judge Trial Referee