[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Garguilo Construction, Inc., filed a complaint on October 29, 1999, against the defendant, Consulting Engineers, P.C., alleging negligence relating to the construction of a concrete structure at Davidoff Warehouse, Stamford Executive Park, Stamford, Connecticut. Its complaint alleges the following facts.
On or about June 5, 1998, Garguilo entered into a sub-contracting agreement with Konover Construction Corporation to provide the services and equipment enumerated therein at Davidoff Warehouse. The agreement provided for the construction of concrete floor slabs at Davidoff Warehouse. Consulting Engineers provided the mix design of this concrete and Garguilo prepared the mix accordingly. In July and August, 1998, Garguilo poured the concrete floor slabs and in September, 1998, the floor slabs "began to delaminate, discolor and develop small crazing cracks." Garguilo alleges that "[s]aid delamination, discoloration, and crazing crack were due to the negligence and carelessness of Consulting Engineers in that (1) the mix design was inappropriate for the construction at issue according to industry standards, (2) it failed to review applicable industry standards, and (3) it failed to inform Garguilo that it was using this design despite industry standards. Garguilo argues that as direct and proximate result of Consulting Engineers' negligence, it suffered damages.
On October 14, 1999, Consulting Engineers moved to strike the entire complaint on the ground that Garguilo failed to allege privity between the parties. Consulting Engineers also filed a memorandum of law in support of its motion to strike pursuant to Practice Book § 10-42. In response, Garguilo filed an objection arguing that its complaint sounds in negligence, not breach of contract.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal CT Page 15548 quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[I]t admits all facts well pleaded." Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232, 680 A.2d 127 (1996). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." Pamela B. v. Ment,244 Conn, 296, 308, 709 A.2d 1089 (1998). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp. , 240 Conn. 576, 580,639 A.2d 293 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825,676 A.2d 839 (1996).
Consulting Engineers argues that Garguilo's complaint fails to allege privity between the parties, which it claims is necessary to Garguilo's cause of action.
"In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v.Police Commission, 182 Conn. 138, 140, 438 A.2d 27 (1980). Consulting Engineers' motion improperly claims that the complaint states a claim for breach of contract. Garguilo's complaint in fact alleges negligence. Garguilo is not required to allege privity of contract in a negligence action. See Zapata v. Burns,207 Conn. 496, 516, 542 A.2d 700 (1988). "The revolution in the law of negligence which began with MacPherson v. Buick Motor Co.,217 N.Y. 382, 111 N.E. 1050 [1916] . . . resulted in recognition that privity was not a legitimate concern in negligence actions. . . ." Id. "[T]he landmark MacPherson case . . . stat[ed] that . . . the requirement of privity should only be applicable to actions growing out of contract theory and should be irrelevant to tort actions." (Internal quotation marks omitted.) Id. "The MacPherson rule abolishing the privity requirement in negligence cases was gradually applied to building contractors and by logical extension to architects and engineers." Id., 516-17. "[T]he requirement of privity should only be applicable to actions growing out of contract theory and should be irrelevant to tort actions." Coburn v. Lenox Homes,Inc., 173 Conn. 567, 574, 378 A.2d 599 (1977). CT Page 15549
Therefore, for the reasons stated above, the motion to strike is denied.
Howard F. Zoarski, Judge Trial Referee