[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has moved to cite two adult sons of the defendant Alphonse Reale as third party defendants alleging that Alphonse Reale transferred money and property to said two adult sons in order to fraudulently defeat her claims to marital assets.
The defendant asserts that the plaintiff lacks the legal capacity to bring an action in her own name since co-conservators were appointed for both the person and the estate of the plaintiff. The defendant has filed a Motion to Dismiss and, in the alternative a Motion to Strike the complaint based on the claim of lack of legal capacity to bring an action.
The undisputed facts are that the plaintiff voluntarily requested a conservator of her person and estate and the probate Court for the District of Manchester appointed Judith A. Ohrt and George F. Dobb as co-conservators. The date of the appointment was June 10, 1999.
The plaintiff, in her own name thereafter brought a dissolution of marriage action by complaint dated June 15, 1999 and returnable July 6, 1999.
 Discussion re: Motion to Dismiss
Connecticut General Statutes § 45a-644 (g) provides, with respect to a conservator, that "voluntary representation" means the appointment of a conservator of the person or estate, or both, upon request of the respondent, without a finding that the respondent is incapable of managing his or her affairs or incapable of caring for himself or herself." The Court agrees with the plaintiff that there is a distinction between voluntary and involuntary conservatorships. Unless a person has been adjudicated incompetent she retains the legal capacity to maintain an action. Ridgeway v. Ridgeway, 180 Conn. 533, 539
(1980). This position finds support in Phoebe G. v. Solnit,252 Conn. 68, 74-75 (2000), where even a person found incapable of managing her affairs by a Probate Court maintains a right to institute certain legal actions.
Accordingly, the Motion to Dismiss is denied. CT Page 598
 Discussion re: Motion to Strike
It seems clear that the conservators are necessary parties to this action. Connecticut General Statutes § 45a-66 provides that the granting of a conservator (even voluntary) subjects the respondent's property and the respondent to the authority of the conservatory, with all the powers and duties of a conservator appointed for an incapable person and as such, the conservators have a interest in the controversy and must be deemed as indispensable parties. Hilton v. New Haven, 233 Conn. 701, 722
(1995). They clearly have a fiduciary duty to the estate of their ward. Since the conservators are not presently parties, and are necessary, the plaintiff should be permitted a reasonable period of time to add them as party plaintiff's (or to move to substitute them as plaintiff's).
Practice Book § 11-3 states that the exclusive remedy for non-joinder is by Motion to Strike. Our Supreme Court has set out the appropriate procedure when a necessary party is not before the Court. See Merideth v. Police Commission, 182 Conn. 138, 141
(1980). That procedure requires the Court to afford the plaintiff a reasonable time to add or substitute the necessary party.
Accordingly, the Court will defer action on the Motion to Strike. If the plaintiff chooses to add or substitute the conservators within a reasonable period of time, the parties may proceed to further pleading. If not, the Court, on Motion to Reclaim, will strike the complaint for non-joinder.
Klaczak, J.