[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant moves to strike count two of the second revised complaint, Richard DuJack's claim for product liability based upon bystander emotional distress, as well as the plaintiffs' claims for punitive damages.
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded."Napoletano v. CIGNA Healthcare of Connecticut, Inc.,238 Conn. 216, 232. 680 A.2d 127, cert. denied, 520 U.S. 1103,117 S.Ct. 1106, 137L. Ed.2d 308 (1997). The court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 149 (1998). "In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission,182 Conn. 138, 140, 438 A.2d 27 (1980). Practice Book § 10-39 "allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998).
The grounds for the defendant's motion are as follows: (1) the product liability claim asserted by Richard DuJack in count two fails to state a claim under Connecticut law because (a) a claim for bystander emotional distress is not permitted in a product CT Page 2069 liability action and (b) even if such a claim were permitted, the complaint does not set forth the necessary elements of such a claim; (2) the prayers for punitive damages must fail because the plaintiffs do not allege recklessness on the part of the defendant; and (3) in a product liability action, claims for punitive damages are limited to two times the compensatory damage award.
 I Whether a Claim for Bystander Emotional Distress is permitted in a Product Liability Action
The defendant moves to strike count two of the plaintiffs' complaint on the ground that a claim for bystander emotional distress is not permitted in an action brought pursuant to the Product Liability Act (PLA), General Statutes 52-572n. The PLA, General Statutes § 52-572n(a), provides that "[a] product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." Further, a product seller is defined as "any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption . . ." General Statutes § 52-572m(a).
The defendant argues that "[t]he PLA provides the exclusive remedy for all claims of injury alleged to have been caused by defective products. It has repeatedly been interpreted to include only those causes of action . . . recognized under Connecticut common law as of 1979 — when the PLA was enacted." (Defendant's Brief, p. 5.) Specifically, the defendant argues that "[b]ecause Connecticut did not recognize a claim for bystander emotional distress at the time the PLA was enacted in 1979, such a claim cannot form the basis for a cause of action in a product liability case."
In response, the plaintiffs argue that "individuals, other than the estate, are recognized in Connecticut law as being able to maintain a separate products liability action against a product seller. . . ." (Plaintiffs' Brief, p. 5.) The plaintiffs further argue that Connecticut trial courts have heard this issue and have stated that they find no reason why such a claim would not be allowed. For example, in Abbihi v. Ami, Superior Court, CT Page 2070 judicial district of New Haven at New Haven, Docket No. 382195 (June 3, 1997, Silbert, J.), "the court allowed in its rationale that . . . `there is no reason why a parent could not bring his or her own product liability claim against a product seller, independent of any claim brought on behalf of the child for harm caused to it, for harm caused to that parent, with bystander distress being the underlying form of negligence asserted as the product liability claim.'" (Plaintiffs' Brief, p. 5, quotingAbbhi v. Ami, supra, Superior Court, Docket No. 382195.)
In Abbhi v. Ami, supra, Superior Court, Docket No. 382195, the court, acknowledging that the Supreme Court has not yet spoken on the issue, stated that simply because "the plaintiff mother's claim for bystander emotional distress . . . is `an action of negligence,' however, does not necessarily mean that it is barred by the Product Liability Act. These counts are not brought on behalf on the deceased child, but rather on behalf of the mother, who claims that she sustained damages of her own as the result of bystander emotional distress because of the defendant's defective product. As such, these counts are properly read as reciting product liability claims independent of those asserted by the estate of the deceased child and should not be stricken simply because the child's estate has asserted its own product liability claims." Id.
In Ritchie v. Gerber Products Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 413399 (November 20, 1998, Hartmere, J.), the father of an injured child brought a separate count alleging bystander emotional distress in a PLA action. The defendant sought to strike that claim on the ground of PLA exclusivity. Id. The court distinguished the case fromHayes v. Grossman's, Inc., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 122374 (September 5, 1997,Pellegrino, J.), which followed the law of the case holding that "the allegations of bystander emotional distress . . . were in fact negligence claims unknown at common law or at least not existing at the time of the enactment of the product liability statute and therefore precluded by the Product Liability Act." The court instead chose to follow Abbhi v. Ami, supra, Superior Court, Docket No. 382195, and denied the motion as to that ground, holding that "the bystander emotional distress claim in the second count is brought by the father, not the child. The complaint thus states two product liability claims by two separate plaintiffs." Ritchie v. Gerber Products Co., supra, Superior Court, Docket No. 413399. CT Page 2071
In the present case, the defendant, relies upon Hayes v.Grossman's, Inc., supra, Superior Court, Docket No. 122374, to support its contention that count two is barred by the PLA. Hayes
is contrary to both Ritchie v. Gerber Products Co., supra, Superior Court, Docket No. 413399, and Abbhi v. Ami, supra, Superior Court, Docket No. 382195, and is a one-page decision on a motion to strike brought by a third party defendant where a similar motion was previously granted to the original defendant by another judge. The court stated that because the claim was virtually identical to the claim previously stricken, it would follow the previous ruling that a claim for bystander emotional distress is barred by the PLA.
Ritchie does not discuss the fact that a claim for bystander emotional distress was not recognized by the Connecticut Supreme Court until 1996 in the decision of Clohessy v. Bachelor,237 Conn. 31, 675 A.2d 852 (1996). The court does briefly discussHayes, but finds that Abbhi is more factually similar and follows the reasoning in Abbhi without further explanation. See Ritchiev. Gerber Products Co., supra, Superior Court, Docket No. 413399.
The Abbhi court, however, did discuss the fact that a claim for bystander emotional distress was not officially recognized by the Supreme Court until 1996, and it also discussed the effect of that fact upon a PLA claim. The court started by explaining that the PLA "unambiguously shows the legislature's intent to preclude all other claims of negligence from being brought with a product liability claim." Abbhi v. Ami, supra, Superior Court, Docket No. 382195. The court explained: "[t]hat the plaintiff mother's claim for bystander emotional distress in these three counts is `an action of negligence,' however, does not necessarily mean that is barred by the [PLA]. These counts are not brought on behalf of the deceased child, but rather on behalf of the mother, who claims that she sustained damages of her own as the result of bystander emotional distress because of the defendant's defective product. As such, these counts are properly read as reciting product liability claims independent of those asserted by the estate of the deceased child and should not be stricken simply because the child's estate has asserted its own product liability claims." The court reasoned that because the claim was separate from the child's underlying PLA action, it was an independent PLA claim sounding in negligence, and claims for negligence are covered by the PLA. See Abbhi v. Ami, supra, Superior Court, Docket No. 382195. CT Page 2072
General Statutes § 52-272n(a) states: "A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence,
strict liability and warranty for harm caused by a product." (Emphasis added.)
"If the legislature intended to allow a party to plead common law theories, it would not have used the mandatory language `shall be in lieu of.' In construing a statute, the intent of the legislature is to be found not in what it meant to say, but in what it did say." Daily v. New Britain Machine Co.,200 Conn. 562, 571, 512 A.2d 893 (1986). It follows then, that in a PLA action, the parties may not bring a common law claim against the defendant. See id. Rather, all common law claims alleged by an individual plaintiff must be brought as one product liability claim under the PLA.
A "`[p]roduct liability claim' includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly . . . of any product. `Product liability claim' shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent." (Emphasis added.) General Statutes § 52-572m(b).
The act mandates that the PLA shall be used in lieu of all other claims, including negligence, against product sellers, and, in the present case, the claim for bystander emotional distress, an action sounding in negligence, is a claim against a product seller, and, therefore, must be brought under the PLA. The fact that such a claim was not officially recognized until 1996 is irrelevant because it is still a `negligence' claim against a product seller and, is, therefore, covered by the act and must be brought pursuant to the act. See Abbhi v. Ami, supra, Superior Court, Docket No. 382195.
Consequently, the plaintiff husband's claim for bystander emotional distress is not barred by the exclusivity of the PLA.
 II
CT Page 2073 Whether the Complaint Sets Forth the Necessary Elements of a Claim for Bystander Emotional Distress
As an alternative ground, the defendant also moves to strike count two of the plaintiffs' complaint arguing that the elements of a claim for bystander emotional distress are not alleged. Count two of the plaintiffs' complaint entitled, "Count Two-Products Liability-Richard DuJack" alleges: "1. Richard DuJack has suffered anxiety, loss of appetite, loss of sleep and lost time from employment because he observed Arlene DuJack's declining health and her suffering in the family residence from the time of the onset of her lung cancer illness, to the time of her death. 2. Brown and Williamson knew or should have known that consumers of their Kool brand cigaretts would have spouses that would suffer serious emotional injury by watching their spouse's declining health and suffering, and that the resulting risk of severe emotional injury to a family member may result from use of their product, but said information was not disclosed to Richard DuJack."
The necessary elements for a bystander emotional distress claim are explained in Clohessy v. Bachelor, supra, 237 Conn. 31. In a claim for bystander emotional distress, the court adopted the reasonable foreseeability rule subject to several conditions. See id., 51. "First . . . in order to recover for emotional distress, the bystander must be closely related to the injury victim." (Internal quotation marks omitted.) Id., 52. "Second, the bystander's emotional injury must be caused by the contemporaneous sensory perception of the event or conduct that causes the injury . . . or by viewing the victim immediately after the injury causing event if no material change has occurred with respect to the victim's location and condition." (Citations omitted.) Id. "Third, the injury to the victim must be substantial, resulting in either death or serious physical injury." Id., 53. Fourth, "the plaintiff bystander must have sustained a serious emotional injury — that is, a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstance." (Internal quotation marks omitted.) Id., 54.
The plaintiffs' claim, in count two, fails to allege the necessary element of a contemporaneous sensory perception of the event or conduct that caused Arlene DuJack's injury. See Clohessyv. Bachelor, supra, 237 Conn. 52. The complaint alleges that "Richard DuJack has suffered . . . because he observed Arlene CT Page 2074 DuJack's declining health and her suffering . . . from the timeof the onset of her lung cancer illness, to the time of her death." (Emphasis added.) (Complaint, Count two, paragraph 1.) This claim alleges that Mr. DuJack witnessed the resulting illness, i.e., the onset of his wife's lung cancer and her ultimate death, rather than an event that caused this illness.
Similarly, in Abbhi v. Ami, supra, Superior Court, Docket No. 382195, the court held that the plaintiff mother's bystander emotional distress claim was insufficient because it failed to allege a contemporaneous sensory perception of the event or conduct causing the child's injury. "[T]he plaintiff mother alleges not that she contemporaneously observed the alleged event (ingestion of the [product]) or conduct of the defendant (the mislabeling of the product) that caused the injury, but rather only that she contemporaneously observed . . . the injury . . . experienced by her daughter." (Internal quotation marks omitted.) Id.
In the present case, Richard DuJack was not present to witness an actual injury-causing event; rather he witnessed the resulting illness allegedly caused by the defendant's negligence. Although he undoubtedly witnessed Arlene DuJack smoking, this case resembles a medical malpractice case where "there is no significant observable sudden traumatic event by which the effect upon the bystander can be judged." Clohessy v. Bachelor, supra,237 Conn. 44. Where there is no "observable sudden traumatic event," the Supreme Court notes, "most courts have recognized that a cause of action for bystander emotional distress must be confined in order to avoid limitless liability. Without such perception, the threat of emotional injury is lessened and the justification for liability is fatally weakened." (Internal quotation marks omitted.) Id.
Richard DuJack was too remote from the act of negligence alleged to meet the Clohessy criterion that he contemporaneously observed the actual event or conduct that caused the injury to his wife. The defendant's motion to strike count two of the complaint is granted on this ground.
 III Whether the Plaintiffs' Allegations Sufficiently Support Claims for Punitive Damages
CT Page 2075
Next, the defendant moves to strike the plaintiffs' punitive damage claims on the ground that "none of the counts of the Second Revised Complaint allege recklessness on the part of [the defendant]. . . ." (Defendant's motion to strike, paragraph 2.) The defendant argues that "[t]he only allegations of reckless conduct are contained in Paragraphs five and seven of the Prayer for Relief. . . ." Paragraph five of the complaint states: "The Estate of Arlene DuJack claim[s] punitive damages against Brown 
Williamson because of Brown Williamson's reckless indifference to the right of Arlene DuJack to live." (Defendant's Brief, p. 10.) Specifically, the defendant argues that the plaintiffs fail "to allege specific facts specifying the manner in which [the defendant] somehow acted with `reckless disregard' to the rights of the plaintiffs. Instead, it merely summarily characterizes the allegedly negligent conduct as `reckless,' with no additional allegations to bring the conduct within the ambit of § 240b." (Defendant's Brief, p. 10.)
The plaintiffs argue that count one of the complaint sufficiently sets forth allegations that demonstrate the defendant's reckless behavior: "the defendant knew or should have known . . . of the unreasonably dangerous . . . product they were selling, but they sold it anyway, [and] . . . Arlene DuJack smoked their product and died from the smoking of their product." (Plaintiffs' Brief, p. 8.)
General Statutes § 52-240b provides that "[p]unitive damages may be awarded if the claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product." "[T]here is nothing in the product liability act that suggests that the phrase reckless disregard is to be given a unique interpretation." (Internal quotation marks omitted.)Johnson v. Stop Shop Companies, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 358057 (June 10, 1994, Hartmere, J.). According to our Supreme Court, "[p]unitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional or wanton violation of those rights." (Internal quotation marks omitted.)Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 532,562 A.2d 1100 (1989).
"In order to survive a motion to strike a claim for punitive damages based on General Statutes § 52-240b, the allegations of the complaint must allow for the presentation of facts necessary CT Page 2076 to show a reckless disregard for the safety of product users." (Internal quotation marks omitted.) McCurry v. Home Depot, Inc.,
Superior Court, judicial district of Waterbury, Docket No. 120316 (September 7, 1994, Sylvester, J.). The mere use of the word "reckless" in a pleading is insufficient to raise an actionable claim without some factual allegations in support thereof. SeeSheiman v. Lafayette Bank and Trust Co., 4 Conn. App. 39, 46,492 A.2d 219 (1985). "To satisfy a claim of recklessness, the defendant's acts must be alleged to have been done with a reckless indifference to the interests of others." Reed v. Sesta,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 577273 (June 19, 1998, Aurigemma, J.), citing Ames v. Sears, Roebuck Co., 8 Conn. App. 642, 655,514 A.2d 352, cert. denied, 201 Conn. 809, 515 A.2d 378 (1986).
In McCurry v. Home Depot, Inc., supra, Superior Court, Docket No. 120316, the court held that the plaintiff's allegation that the "defendants knew of the dangerous characteristics of the [product], yet failed to disclose this information to the plaintiff, and nevertheless, sold the [product] to her," sufficiently supported her claim for relief, and the defendants' motion to strike the claim for punitive damages was denied.
Similarly, in Nieves v. U-Haul, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 531928 (May 5, 1994, Mulcahy, J.), the court denied a motion to strike the punitive damage portion of the plaintiff's prayer for relief where the plaintiff alleged "that the harm suffered was likely to have resulted from a defective condition of the [product], that the defendant was, or should have been, aware of the risk of such harm or injury, and that [the] defendant did not disclose said defective condition to the plaintiff. . . ."
In the present case, the plaintiffs have alleged that Arlene DuJack ingested smoke from Kool brand cigarettes and that this smoke caused her lung cancer. (Complaint, count one, paragraphs 4 5.) The plaintiffs further allege that the defendant knew or should have known that the ingredients in its cigarettes would cause lung cancer, and the defendant failed to disclose such information to Arlene DuJack or to the general public. (Complaint, count one, paragraph 16.)
Construing the allegations of this complaint most favorably to the plaintiffs, the evidence admissible under the complaint permits the presentation of facts necessary to satisfy the CT Page 2077 "reckless disregard" requirement of General Statutes § 52-240b. See McCurry v. Home Depot, Inc., supra, Superior Court, Docket No. 120316; Nieves v. U-Haul, supra, Superior Court, Docket No. 531928.
Accordingly, the defendant's motion to strike the punitive damages portion of the plaintiffs' prayer for relief is denied.
 IV Whether the Plaintiffs May Request A Specific Dollar Amount in Punitive Damages
The defendant also moves to strike that portion of the plaintiffs' prayer for relief that requests a specific dollar amount in punitive damages on the ground that "punitive damages in product liability cases are limited to two times compensatory damages under [General Statutes] § 240b." (Defendant's Motion to Strike, paragraph 2.) Specifically, the defendant argues that "the plaintiffs seek $90 million in punitive damages in their prayer for relief, which is entirely inconsistent with the statute's requirement that punitive damages be limited to `an amount equal to twice the damages awarded to the plaintiff.' No facts are pleaded in the complaint to support an allegation that . . . the plaintiff is entitled to compensatory damages in the amount of $45 million." (Defendant's Brief, p. 10-11.)
The plaintiffs argue that "[t]he jury is the trier of fact that establishes the amount of damages. The . . . damages that may be fair and reasonable to a jury may well reach into the tens of millions of dollars and may justify ninety million or more in final damages." (Plaintiffs' Brief, p. 11.)
General Statutes § 52-240b provides, in pertinent part: "If the trier of fact determines that punitive damages should be awarded, the court shall determine the amount of such damages not to exceed an amount equal to twice the damages awarded to the plaintiff." Although a jury may have the flexibility to award the damages it determines to be fair and equitable, the trial court is limited to a maximum of two times the jury's award in punitive damages. As such, the plaintiffs' request for $90 million in punitive damages where there is no allegation that the plaintiffs are entitled to $45 million in compensatory damages, is improper. Of course, the plaintiffs are still free to argue specific dollar amounts of compensatory damages in accordance with General CT Page 2078 Statutes § 52-216b.
Accordingly, that portion of the plaintiffs' prayer for relief that requests $90 million in punitive damages is stricken.
Sferrazza, J.