[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Carole Lippa, alleges in the first count of her four count complaint that she slipped and fell in the parking area of a commercial establishment owned and controlled by the defendant, Parkway Plaza, Inc., because her foot "struck a defective and dangerous condition on the surface of the parking lot." This count asserts negligence on the part of the defendant because it allegedly failed to maintain the parking lot in a reasonably safe condition.
In count two of the complaint, the plaintiff incorporates the allegations of negligence in the first count and claims that her injuries were caused by the "recklessness" of the defendant in that, although CT Page 5070 knowing of "the condition" which caused the fall, the defendant failed to repair and correct said condition or to warn the plaintiff thereof. In the third count, the plaintiff contends that the allegedly dangerous condition of the parking lot was "a nuisance or in the nature of a nuisance" which the defendant had created. In the fourth count, the plaintiff's husband, Sylvester Lippa, seeks to recover for a loss of consortium.
The defendant has filed a motion (#107, Sh. Cal. 1/29/01; col 6, pos. 59) to strike the second, third and fourth counts. Practice Book §10-39. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Citations omitted; internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr.,P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138, 140, 438 A.2d 27
(1980).
The second count does not set forth a cause of action in recklessness because it repeats the allegations in the first count claiming negligence, whereas recklessness requires an allegation of conduct constituting an extreme departure from ordinary care. Dubay v. Irish,207 Conn. 518, 533, 542 A.2d 711 (1988). There is no such allegation in this count.
With respect to the third count claiming "nuisance," a private nuisance arises only if a plaintiff has some kind of ownership interest in land, and a public nuisance may occur only where the condition involves a right common to the general public. Elliott v. City of Waterbury, 245 Conn. 385,421, 715 A.2d 27 (1998). Thus, the plaintiff does not set forth a cause of action in either kind of nuisance. Furthermore, it has been held specifically that a fall on privately owned property does not involve a nuisance, either private or public. D'Elia v. Mattatuck Realty, Superior Court, judicial district of Waterbury, Docket No. 152745 (October 4, 1999, Gill, J.). CT Page 5071
The defendant's motion to strike the fourth count is denied because this count properly pleads a cause of action in loss of consortium. The fact that the fourth count incorporates by reference various allegations in the third or nuisance count, which count has been stricken, does not affect the viability of this fourth count which stands on its own.
Thus, in conclusion, the defendant's motion to strike the second and third counts of the complaint is granted, and the motion is denied as to the fourth count.
So Ordered.
Dated at Stamford, Connecticut, this 11th day of April, 2001.
William Lewis, Judge