[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE #105 and #106
In this action, the plaintiff, Daniel Spencer, d/b/a Highland Gardens (Highland), alleges the following. On July 15, 1998, Highland purchased a greenhouse from the defendant, W.H. Milikowski, Inc. (Milikowski). After purchase, the greenhouse was situated at Highland and stood in a CT Page 11696 clearing. The greenhouse was a combination of two Star Steel greenhouse models and was manufactured, constructed, wholesaled, designed, prepared, assembled, installed, tested, marketed, packaged, labeled, distributed and/or retailed by Milikowski and/or the codefendant, Star Steel Structures, Inc. (Star Steel).
Highland further alleges that, although the Connecticut building code mandates that greenhouses be designed to withstand wind gusts of up to eighty-five miles per hour, on November 2, 1999, the greenhouse was completely destroyed by wind gusts that measured only forty to fifty miles per hour. Highland alleges that Star Steel and Milikowski are legally responsible for the loss of the greenhouse pursuant to General Statutes § 52-572m; Highland suffered damages and losses and incurred expenses, including but not limited to, labor charges for removing the damaged greenhouse, the cost of a replacement greenhouse, and labor charges for the installation of a replacement greenhouse. Additionally, Highland alleges that the greenhouse was insured through a policy with Underwriters at Lloyd's, London, issued by Connecticut Underwriters, Inc. (Lloyd's). Lloyd's made payment to Highland for the loss of the greenhouse in the amount of $37,581, and Star Steel and Milikowski are now liable to Lloyd's for this amount.
Star Steel and Milikowski each filed an answer and special defenses. Milikowski also filed a counterclaim for greenhouse items and parts ordered by Highland that were allegedly invoiced but never paid. The court is now presented with motions to strike the second and third special defenses of both Star Steel and Milikowski. These special defenses allege, in their entirety:
Second Special Defense.
 1. The plaintiff has recovered once already for his damages.
 2. The plaintiff fails to state a cause of action upon which relief can be granted.
 Third Special Defense.
 1. Underwriters at Lloyd's London has not been made a party to this action.
 2. Since Lloyd's, London is the real party in interest and since it has not been made a party, the complaint fails to state a cause of action.
CT Page 11697 Milikowski's Answer and Special Defenses, p. 3; Star Steel's Answer and Special Defenses, p. 3.
Practice Book § 10-41 provides that "[e]ach motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion."Meredith v. Police Commission, 182 Conn. 138, 140, 438 A.2d 27 (1980).
Highland asks the court to strike these special defenses on the ground that they are insufficient as a matter of law because this action is a subrogation action, brought in the name of the insured on behalf of the insurer. Highland argues that "the principle of subrogation allows it as an insurer to step into the shoes of the insured and recover the indemnified losses of the insured caused by the third party." Highland's Memoranda, p. 6.[1]
Star Steel and Milikowski, in their joint memorandum in opposition to the motion to strike, argue that the actual identity of the plaintiff will determine whether the special defenses should be stricken, and since there is no way of knowing from the contents of the complaint that this is a subrogation action, the motion to strike is improper because facts from outside of the pleadings are necessary to its determination; the contention that this is, in fact, a subrogation action was not set forth in the complaint and appears for the first time on the face of Highland's motion to strike. Star Steel and Milikowski further argue that "[f]rom the summons and complaint, there is no reason for the defendants to know that the plaintiff is really an insurance company . . . and if the plaintiff really is the insurance company, it is not permitted to proceed incognito and the special defenses are valid." Star Steel's and Milikowski's Memorandum, p. 4.
Although the court agrees with Highland's statement of the law concerning subrogation, it is, nonetheless, troubled by Highland's failure to allege that this is a subrogation action in its complaint. It is unclear from the complaint whether this is a subrogation action and/or whether Highland is seeking damages over and above the losses paid to it by Lloyd's. Relying solely upon the complaint, it is unclear whether Highland is acting as subrogor to Lloyd's, or whether it is seeking additional damages from Star Steel and Milikowski, or whether it is seeking both. Highland alleges in paragraph 12 of its complaint that it "suffered damages and losses and incurred expenses, including but not limited to, labor charges for removing the damaged Greenhouse, the cost of a replacement greenhouse, and labor charges for the installation of a CT Page 11698 replacement greenhouse." Highland, in paragraph 13 of its complaint, then alleges that: "As a result of the complete destruction of the Greenhouse, [Lloyd's] made payment to [Highland] . . . in the amount of $37,581.00, the cost to replace the Greenhouse." (Emphasis added.) The cost to replace the greenhouse, however, is only one of the expenses, losses and damages alleged by Highland in paragraph 12 of the complaint. As such, the complaint appears to be seeking compensation for the additional damages, losses and expenses incurred. Highland does go on to allege in paragraph 14 of its complaint that "Star Steel and Milikowski are liable to [Lloyd's] for all payments made to [Highland]" but this is the only indication that this may be, at least in part, a subrogation action.
Looking solely to the ground stated upon the face of each motion to strike the special defenses; see Meredith v. Police Commission,182 Conn. 140; i.e., that this is a subrogation action, as well as the pleadings themselves, the court holds that it must deny the motions based upon the preceding discussion. The court makes no ruling upon the legal sufficiency of these special defenses in any other regard, but denies Highland's motions solely upon the insufficiency of the ground stated therein.
Foley, J.