[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
FACTS AND PROCEDURAL HISTORY
On April 26, 2001, the plaintiff filed a seven-count complaint against defendants, Jean Kimmerle ("Kimmerle"). The Fairways at Torrington ("Torrington") and Imagineers, LLC ("Imagineers"). On October 6, 2000, the plaintiff allegedly became ill with carbon monoxide poisoning at a condominium he resided at and had purchased a year earlier from Kimmerle. The plaintiff alleges that Kimmerle previously owned the unit and that Kimmerle failed to inform the plaintiff of the potential risk from carbon monoxide existing in the condominium that Kimmerle was aware of. The plaintiff further alleges that Torrington was engaged in the business of operating the condominium unit and that Imagineers was the property manager of the condominium development.
On June 8, 2001, the individual defendant, Kimmerle, moved to strike count three of the plaintiffs complaint which count is based on a CT Page 12611 violation of General Statutes § 42-110a et seq., the Connecticut Unfair Practices Act (CUTPA). Kimmerle argues that: (1) CUTPA does not apply to a single isolated sale of real estate; and (2) that the CUTPA count should be stricken because the plaintiff failed to allege that Kimmerle's acts were performed in a trade or business. The plaintiff counters that the court should interpret CUTPA as applying to isolated real estate sales and that CUTPA does apply to a sale of real property by persons not engaged in the business of buying or selling real estate. The court agrees with the defendant's position.
STANDARD — MOTION TO STRIKE
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15 (1992). "In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." (Citations omitted.) Meredith v. Police Commission, 182 Conn. 138, 140 (1980). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." (Citations omitted.) RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 383 n. 2. (1994). "If facts provable under the allegations would support . . . a cause of action, the motion to strike must be denied." (Citation omitted.) Id., 384.
DISCUSSION
There is a split among the judges of the Superior Court as to whether a single incident, and in particular, a single sale of a residential dwelling may become the subject of a CUTPA claim. See Jokl v. Watt, Superior Court, judicial district of New Haven at New Haven, Docket No. 372000 (February 28, 1996, Gray, J.). In this court's view, the better approach to this problem is reflected in the statement that CUTPA was designed to protect unwary consumers dealing with professional businesses or business people in a transaction which is part of that business."Mayer-Wittmann Joint Ventures, Inc. v. Gunther International, Ltd., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 134790 (October 21, 1994, Lewis, J.) This court concludes that the one-time sale of the residence in question, by its owner, who was not alleged to be in the business of selling real estate, cannot be made the subject of the CUTPA count as asserted against Kimmerle in the third count of the complaint. CT Page 12612
The defendant also claims that a requisite element of a CUTPA claim is that the defendant be in a business related to the activities claimed to have caused injury. The defendant argues that the CUTPA count must be stricken because the plaintiff has failed to allege that the transaction was in the course of a trade or business.
"CUPTA, by its own terms, applies to a broad spectrum of commercial activity. The operative provision of the act, § 42-110b(a), states merely that "[n]o person shall engage in unfair methods of competitionand unfair or deceptive acts or practices in the conduct of any trade orcommerce.' Trade or commerce, in turn, is broadly defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state.' General Statutes § 42-110a (4)." (Emphasis added.) Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 492
(1995).
If the facts that the plaintiff alleges are insufficient to frame the stated cause of action, the plaintiff cannot prevail. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 532 (1983). In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a "trade or business." See General Statutes § 42-110b; Web Press ServicesCorporation v. New London Motors, Inc., 203 Conn. 342, 354, 525 A.2d 57
(1987).
There is no allegation in count three of the plaintiffs complaint that acts ascribed to Kimmerle were performed in a "trade or business".
Based on the foregoing, the motion to strike count three of the plaintiffs complaint is granted.
Cremins, J.