[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] :MEMORANDUM OF DECISION ON MOTION TO STRIKE (#105)
On August 7, 2002, the plaintiffs, Dirk Jan Plas and his wife Mary Claire Maeder, purchased a house through the DeWolfe Company, Inc., a real estate brokerage firm. This transaction was brokered by two employees of DeWolfe, Fredricka Schrumm and Janet Grasson. On August 29, 2002, the plaintiffs filed a six-count complaint against DeWolfe, Schrumm and Grasson, alleging that the defendants deliberately misled them regarding the proximity of the New Departure Rod and Gun Club to their new home and the impact that noises emanating from the club would have on the quiet enjoyment of this home. The plaintiffs further allege that the defendants failed to disclose plans by a utility company to expand power transmission facilities on or near their property. In addition, the plaintiffs allege that they were moving to this country from the Netherlands and that this caused them to have heightened reliance upon the defendants. In the sixth count, the plaintiffs claim that the defendants, through this alleged act of deception and evasion, have violated CUTPA.[1]
On October 8, 2002, the defendants filed a motion to strike count six of the plaintiffs' complaint, accompanied by a memorandum of law in support. On October 21, 2002, the plaintiffs filed a memorandum of law in opposition.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates 244 Conn. 269, 270,709 A.2d 558 (1998). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Vacco v. Microsoft Corp., 260 Conn. 59, 65, 793 A.2d 1048
CT Page 3087 (2002). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. PoliceCommission, 182 Conn. 138, 140, 438 A.2d 27 (1980).
The defendants move to strike count six on the ground that the plaintiffs have failed to state a legally sufficient CUTPA claim because the allegations, "even if true, establish no more than a single act of misconduct." (Defendants' Motion to Strike, p. 2.) The defendants argue that the CUTPA claim is legally insufficient because their failure to inform the plaintiffs about the noise emanating from the nearby gun club constitutes only a single act of misconduct "and does not constitute a repeated course of misconduct that would be necessary to elevate the [d]efendants' behavior to the level of unscrupulous or immoral conduct." (Defendants' Memorandum of Law in Support of the Motion to Strike, p. 2.) The defendants contend that there is a split of authority in the Superior Court regarding whether a single act of misconduct can give rise to a CUTPA claim and that our Supreme Court has not decided this issue.
In opposition, the plaintiffs argue that only a single act of misconduct needs to be alleged to sustain a claim for a CUTPA violation. The plaintiffs rely on Johnson Electric Company, Inc. v. SalceContracting Associates, Inc. 72 Conn. App. 342, 805 A.2d 735, cert. denied, 262 Conn. 922, 812 A.2d 864 (2002), in support of their argument. The plaintiffs contend that, contrary to the defendants' argument, Johnson Electric resolved the split of authority at the trial level and its holding is binding on the trial court.
The court agrees with the plaintiffs. In Johnson Electric Company,Inc., supra, 72 Conn. App. 353, the Appellate Court held that a single act of misconduct may be sufficient to give rise to a CUTPA claim, thus resolving the split of authority at the trial court level. The court noted that "CUTPA is a remedial statute. If there were any plausible doubt about the conduct that the statute makes actionable, the remedial purpose of the statute persuades us that such doubts should be set aside to permit recovery by the plaintiff." Id.
In the present case, the defendants move to strike count six on the sole ground that this count is legally insufficient because the plaintiffs have alleged only a single act of misconduct rather than multiple acts of misconduct to support a CUTPA claim. Based on the holding in Johnson Electric, the plaintiffs' CUTPA claim cannot be stricken solely on the basis that a single act of misconduct is insufficient to support a claim under CUTPA.
Accordingly, the defendants' motion to strike count six is denied. CT Page 3088
Harper, J.