[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS AND PROCEDURAL HISTORY
In March of 1999, Costello Industries, Inc. ("Costello"), an insured of the defendant Travelers Property Casualty Corporation ("Travelers") entered into an Subcontract Agreement (the "agreement") with the plaintiff OG Industries, Inc. ("OG") related to milling work to be performed for the state of Connecticut department of transportation as part of a project on Interstate 84. Under the agreement Costello named OG as an additional insured on its policy with Travelers. The complaint alleges that multiple claims have been filed with OG based on accidents that occurred on the area of I-84 where Costello did work. OG requested coverage from Costello for these claims as an additional insured on the policy issued by Travelers to Costello and pursuant to the agreement. Travelers has denied coverage. The third count of the complaint alleges that Travelers acted in bad faith in denying coverage. The fourth count alleges a violation of General Statutes § 42-110a et seq. (Connecticut Unfair Trade Practice Act ("CUTPA")). Count five alleges violation of General Statutes § 38a-815 et seq. (Connecticut Unfair Insurance Practices Act ("CUIPA")). Travelers has moved to strike counts three, four and five on the grounds that the claims are legally insufficient.
STANDARD — MOTION TO STRIKE
"The purpose of a motion to strike is to contest . . . the legal CT Page 12602 sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc, 224 Conn. 210, 214-15
(1992). "In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." (Citations omitted.)Meredith v. Police Commission, 182 Conn. 138, 140 (1980). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." (Citations omitted.) RK Constructors, Inc. v. Fusco Core.,231 Conn. 381, 383 n. 2 (1994). "If facts provable under the allegations would support . . . a cause of action, the motion to strike must be denied." (Citation omitted.) Id., 384.
DISCUSSION
THE BAD FAITH CLAIM — COUNT THREE
The defendant argues that in count three the plaintiff fails to allege sufficient facts to establish any bad faith or couscious wrongdoing on the part of the defendant as required to set forth a claim for breach of the implied convenant of good faith and fair dealing. "[A]n action for breach of the covenant of good faith and fair dealing requires proof of three essential elements, which the plaintiff must duly plead: first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiffs right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiffs right to receive benefits it reasonably expected to receive under the contract, the defendant was acting in bad faith." Share America, Inc. v. Ernst Young, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 150132 (July 2, 1999, Sheldon, J.).
"[T]he implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships, including . . . insurance contracts. . . ." (Citations omitted; internal quotation marks omitted.) Verrastro v. Middlesex Ins. Co., 207 Conn. 179, 190 (1988). "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Bad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.) Habetz v. Condon, 224 Conn. 231, 237 (1992). "In order to make CT Page 12603 [such a claim] the plaintiff must allege that the defendant did more than simply deny the plaintiffs claim." (Internal quotation marks omitted.)Ryan v. Allstate Indemnity Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 142573 (October 22, 1998,D'Andrea, J.); see also Mynahan v. Prudential Ins. Co. of America, Superior Court, judicial district of Waterbury, Docket No. 132774 (April 8, 1998, Espinosa, J.).
The plaintiff has alleged that Travelers issued a policy of insurance that named OG as an additional insured (Complaint at Count One ¶ 8); that OG requested coverage from Travelers and that Travelers failed and refused to honor its defense and indemnification obligations under the policy (Complaint at Count One ¶ 9); that Travelers has failed and refused to honor its contractual obligations to Costello by failing to defend and indemnify OG (Complaint at Count Two ¶ 9); that Travelers' actions constitute a breach of contract (Complaint at Count Two ¶ 10). The allegation is that these actions by Travelers constitute bad faith insurance practices (Complaint at Count Three ¶ 12).
The third count of plaintiff's complaint alleges no facts to support the claim that Travelers acted in bad faith or without good faith. It merely repeats the allegations of the first and second counts related to Travelers and asserts the legal conclusion that the failure to defend and indemnify amounts to a violation of the duty of good faith and fair dealing. Such allegations are insufficient and do not properly state a cause upon which relief can be granted. The motion to strike the third count is accordingly granted.
THE CUIPA CLAIM — COUNT FOUR
General Statutes § 38-815 et seq., the Connecticut Unfair Insurance Practices Act ("CUIPA") provides that "[n]o person shall engage . . . in any trade practice which is defined in section 38a-816 as . . . an unfair method of competition or an unfair or deceptive act or practice in the business of insurance. . . ." Unfair claim settlement practices are defined in § 38a-816(6), and this subsection appears to be the only provision of § 38a-816 that applies to the plaintiffs cause of action. Pursuant to § 38a-816(6), the conduct enumerated therein constitutes unfair and deceptive acts and practices if it is "[committed] or [performed] with such frequency as to indicate a general business practice. . . ." Id. under § 38a-816(6), a plaintiff' must allege and prove facts sufficient to show that the insurer was [c]ommitting or performing [certain specified acts] with such frequency as to indicate a general business practice. . . .' General Statutes § 38a-816 (6). See also Heyman Associates No. 1 v. Insurance Co. of Pennsylvania, CT Page 12604231 Conn. 756, 796 (1995).
The term "general business practice" is not defined in CUIPA, however, the Supreme Court has expressly held that an insurer's "alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a "general business practice' as required by § 38a-816 (6)." Lees v. Middlesex Ins. Co., 229 Conn. 842, 849
(1994).
Here, in court four, OG's allegations pertain only to Travelers' conduct in regard to their claim for benefits. OG does allege that Travelers engaged in similar conduct in regard to other claims and that the actions of Travelers are a "general business practice" but does not allege any facts that would support such a contention.
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). The allegations contained in count four are legal conclusions, no facts have been alleged other than those related to the OG claim.
In Norton v. Metropolitan Property Casualty, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 158192 (November 14, 1997, Mintz, J.), the plaintiffs claim arose out of a single automobile accident. The plaintiff pleaded the "magic words of the relevant statute, however, the gravamen of the complaint is that the defendant unfairly failed to settle her claim, and her claim alone." (Internal quotation marks omitted.) Id. The plaintiff further pleads that "the defendant has engaged in such unfair . . . practices with insureds other than [the plaintiff]." (Internal quotation marks omitted.) Id. The court held that this reference to practices related to other parties was a legal conclusion. Id.
Here, the plaintiffs case likewise arises out of a single claim. The plaintiff alleges only a failure to settle its claim. The plaintiffs allegations that the defendant's conduct "is a general business practice" is a mere legal conclusion. A motion to strike is properly granted if a complaint alleges mere legal conclusions. See Novametrix Medical Systemsv. BOC Group, Inc., supra, 224 Conn. 214.
THE CUTPA CLAIM — COUNT FIVE
In Count Five, OG alleges a CUTPA violation. A plaintiff may not bring a cause of action under CUTPA based on conduct, which does not also CT Page 12605 violate CUIPA where the alleged misconduct is related to the insurance industry. Mead v. Burns, 199 Conn. 651, 663-66 (1986). Therefore, because the plaintiff has not alleged facts sufficient to support a CUIPA violation in Count four of the complaint, Count five, alleging a CUTPA violation must also be stricken.
Accordingly, the defendant's motion to strike counts four and five is hereby granted.
Cremins, J.